Edward Thompson, J.
The defendant has been indicted for violations of (1) section 1308 of the Penal Law (criminally *772 buying and receiving stolen goods as a felony), (2) section 1308 of the Penal Law (criminally concealing and withholding as a felony), (3) section 436-a of the Penal Law (knowingly have in his possession a motor vehicle, the identification mark of which had been altered, destroyed or removed for the purpose of concealment or misrepresenting the identity of the said motor vehicle), and (4) section 881 of the Penal Law, (willful uttering with intent to defraud and possession with intent so to do of a forged instrument or writing knowing the same to be forged).
The evidence upon trial adduced that the defendant purchased a Cadillac motor vehicle three months after its original sale to its lawful owner. The lawful owner paid $5,570 for the new vehicle and the defendant purchased it from an admitted thief or receiver for $2,500. The defendant has contended that the vehicle was in need of substantial repair, thus making his purchase price a fair one and he disclaimed any knowledge that the vehicle had been stolen or that its patent identification numbers on the door, chassis and motor block had been altered or removed. The thief or receiver testified that when he sold the car to the defendant he told him that the car was ‘ ‘ hot ’ ’ and, in substance, that the defendant would not be arrested because the “ numbers ” were changed. Thus, it is apparent that issues exist for submission to the jury under counts one, two and three of the indictment alleging the crimes of criminally receiving or buying, or withholding or concealing stolen goods and knowingly possessing a motor vehicle from which the manufacturer’s serial number has been removed or altered for the purpose of misrepresenting the identity of the car.
But the evidence further adduced that the defendant had in his possession a certificate of registration duly issued by the New York State Department of Motor Vehicles and admittedly signed by the defendant. The proof also adduced the fact that the serial or identification number of the vehicle set forth in the certificate was the altered number of the stolen Cadillac motor vehicle and was thus spurious. It is upon such proof that the Grand Jury indicted and the prosecution depends to sustain the fourth count of uttering a forged instrument. As a matter of law, I have dismissed this count for two substantial defects.
(1) Section 881 of the Penal Law decrees that uttering a forged instrument is as culpable as the making thereof. Thus, reference must be made to section 887 and its related sections of law which define forgery in the second degree. What must be here determined is the question whether a certificate of regis *773 tration from the Motor Vehicle Department is such an instrument or writing as encompassed within the forgery statute. Since the words ‘ ‘ certificate * * * or authority granted pursuant to any statute of the state ” (Penal Law, § 887, subd. 2) at first blush would appear to be included within the general forgery concept, reference must also be made to section 2051 of the Penal Law which prohibits the offering of a false or forged instrument to be filed or recorded in any public office.
It has been held that an operator’s license is not such an instrument or writing as intended by the forgery statutes, since it is not such an instrument which 1 ‘ enhances legal rights or duties especially of one party to another.” Too, it has also been held that what is contemplated under section 2051 is an instrument or writing such as a bond, deed, contract, will or lease. (People v. Sansanese, 17 N Y 2d 302, 306.) The most that the prosecution can contend in this case is that the defendant, or his agent, applied for and obtained a certificate of registration for a motor vehicle which certificate, though duly issued, set forth a spurious identification or serial number. Even though duly issued by a State agency, such certificate imposed no property rights upon its recipient. In fact and law, it is completely analogous to a spurious license issued by the same agency.
Nor does section 21 of the Penal Law demand that the fair scope of the forgery statute be extended to cover a certificate of registration so issued. Sansanese (supra) highlights the impoteney of such construction as overextending penal responsibility. (People v. Wood, 8 N Y 2d 48.) Thus, I hold that a certificate of registration merely containing spurious language on its face cannot be the subject of a forgery count.
(2) Section 426 of the Vehicle and Traffic Law specifically provides that any person who shall knowingly make any false statement of a material fact in any indorsement of a certificate of registration, upon a sale or transfer of a motor vehicle or motorcycle, or who with intent to procure or pass title to a motor vehicle or motorcycle which he knows, or has reason to believe, has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his possession any motor vehicle or motorcycle which he knows or has reason to believe, has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be guilty of a felony. Save for the second offense of driving while intoxicated, the violation of section 426 is the only felony in the entire body of the Vehicle and Traffic Law.
*774 It is quite obvious that this section was drawn and enacted to cover alleged facts as elicited before the Grand Jury herein, the proof of which was offered upon the trial. In addition, said section 426 specifically provides that ‘ ‘ this provision shall not he exclusive of any other penalties prescribed by law, now or hereafter, for the larceny or unauthorized taking of property, but shall he deemed supplementary thereto.” That being .so, it is incumbent upon the District Attorney to seek prosecution under the specific statute (§ 426) instead of the forgery statutes.