In the Matter of JOSE MIRANDA, Petitioner, v. ABRAHAM ISSEKS, a Justice of the County Court of Orange County, et al., Respondents.

Second Department, March 19, 1973.

*Finkelstein, Mauriello, Kaplan & Levine, P. C. (Howard Karger* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (A. Seth Greenwald* of counsel), for Abraham Isseks, respondent.

SHAPIRO, J.   In this proceeding pursuant to article 78 of the CPLR, the petitioner seeks an order prohibiting the Judges of the County Court of Orange County from taking any further proceedings against him under an indictment charging him with possession of a dangerous weapon in violation of subdivision 2 of section 265.05 of the Penal Law and criminal facilitation in violation of section 115.00 of the Penal Law.

The basis of the application is that one of the Judges of the County Court improperly denied the petitioner's motion to inspect the Grand Jury minutes.   He contends that the indictment was not based on legally sufficient evidence as required by subdivision 1 of CPL 190.65 and subdivision 1 of CPL 70.10.

Although recognizing that in the absence of an authorizing statute no direct appeal lies from such a denial (*People* v. *Howell,* 3 N Y 2d 672, 675), the petitioner nevertheless contends that an article 78 application is proper in view of subdivision 6 of CPL 210.30, which provides: " The validity of an order denying any motion [to inspect the grand jury minutes and to dismiss an indictment as based on legally insufficient evidence] made pursuant to this section is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence."

The provisions of that statute (eff. Sept. 1, 1971) are entirely new.   Before its enactment, if on appeal from a judgment of conviction the Grand Jury minutes revealed that a crime was not legally established before it, the conviction would be reversed even if the defect were cured by the presentation of legally sufficient evidence on the trial (*People* v. *Jackson,* 18 N Y 2d 516; *People* v. *Nitzberg,* 289 N. Y. 523).   Under that statute, however, no matter how legally deficient the proof before the Grand Jury may be, the defendant has no basis for appellate review, on that ground, if the prosecutor on the trial has established his case.

The petitioner therefore contends that to make him stand trial on a possibly invalid indictment, which is the effect of that section of the CPL, raises a constitutional issue which should be reviewed by this court in this proceeding.

While both section 6 of article I of the New York State Constitution and the Fifth Amendment to the Constitution of the United States are alike in declaring that no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury, it has been held that " neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act " (*Costello* v. *United States,* 350 U. S. 359, 362). In that case Mr. Justice BLACK, dealing with an attack by Costello on his conviction for income tax evasion based on a claim that the evidence before a Grand Jury was purely hearsay and therefore incompetent, said (p. 363): " If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."

This court held to the same effect in *People* v. *Schifter* (34 A D 2d 561) when it said: " Indeed, there is no constitutional requirement that Grand Jury indictments be founded upon sufficient legal proof."

Thus, there is no requirement in either the Federal or State Constitutions that indictments must be based on " legally sufficient evidence ". By statute in this State (CPL 190.65, subd. 1) a grand jury " may indict a person for an offense when   *   *   * the evidence before it is legally sufficient to establish that such person committed such offense," but since that is only a statutory requirement and not one of constitutional dimension, the Legislature by another statutory provision could do exactly what it did when it enacted subdivision 6 of CPL 210.30 (quoted above).

However, since a defendant, by virtue of that statute, can no longer attack a conviction on the ground that in fact the proof before the Grand Jury is legally insufficient to make out a crime, as is the petitioner's claim here, we believe it to be the better practice for Judges at nisi prius to be most liberal in granting motions to inspect Grand Jury minutes to the extent of examin-

ing them *in camera* for the purpose of determining their sufficiency.[1]

In *People* v. *Howell* (3 N Y 2d 672, 675) the court clearly pointed up the difference in the treatment to be accorded a motion to dismiss an indictment on the ground of insufficiency vis-à-vis a motion to inspect, when it said: " a motion to dismiss an indictment for insufficiency of the evidence before the Grand Jury * * * is granted only upon a clear showing to that effect, in view of the presumption that an indictment is based on legal and sufficient evidence * * *. That degree of proof * * * is not necessary on a motion for inspection of the Grand Jury minutes in order to lay a foundation for dismissal of an indictment on this ground."[2]

Because the petitioner by this application is attempting to do by indirection what he could not accomplish by direct appeal, his application is hereby denied,[3] but in the light of this opinion we have no reason to believe that, should the petitioner move for reargument of his motion to inspect, the court will not apply the guidelines here laid down.

The proceeding is dismissed on the merits, without costs.

MUNDER, Acting P. J., LATHAM, GULOTTA and CHRIST, JJ., concur.

Proceeding dismissed on the merits, without costs.

---

1. Even before the adoption of subdivision 6 of CPL 210.30 the author of this opinion expressed the view that motions to inspect grand jury minutes — to the extent of their being examined by the court to ascertain if a crime was made out — should be granted almost as a matter of course and that the citation of *People* v. *Howell* (3 N Y 2d 672) as a ground for denying such motions should be the exception and not the rule (A New York Criminal Law Refresher, 37 Brooklyn L. Rev. 36–37). The adoption of subdivision 6 of CPL 210.30 which now deprives a defendant of any trial remedy for an indictment returned on insufficient evidence only serves to reinforce that view.

2. The rule there laid down has since been codified (CPL 210.30).

3. We realize that a proceeding in the nature of prohibition may be a proper remedy even though the basic ruling does not permit of appeal, when the question at issue " is of such magnitude as to place [the] case within the ambit of the writ " (*Matter of Lee* v. *County Ct. of Erie County*, 27 N Y 2d 432, 437) ; but this is not such a case.