OPINION OF THE COURT
Memorandum.
Order dismissing information unanimously reversed on the law and information reinstated.
*48 A Supreme Court Grand Jury directed, after a presentment on three felony charges, that a prosecutor’s information be filed charging defendants with the misdemeanor of unlawful imprisonment in the second degree (Penal Law, § 135.05). After the filing of the information, defendants’ motion for a preliminary hearing was granted. The court below dismissed the information when the People refused to participate in the hearing.
CPL 170.75, which provides for preliminary hearings in New York City, does not distinguish between an information filed at the direction of the Grand Jury and other informations. However, it is the opinion of this court that a literal reading of this statute should not be followed. To do so would not give effect to the legislative intent and would create an unreasonable result (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 111, 143).
The sole purpose of a preliminary hearing is to determine if there is reasonable cause to believe that a defendant has committed the misdemeanor charged (CPL 170.75, subd 3). A Grand Jury is authorized, by CPL 190.70 (subd 1), to direct that a prosecutor’s information be filed when: "(a) the evidence before it is legally sufficient to establish that such person committed such offense, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” Thus, it is apparent that the standard of proof is higher when the Grand Jury directs that a prosecutor’s information be filed than it is at a preliminary hearing (see CPL 70.10). It would, therefore, serve no purpose to have a preliminary hearing after the Grand Jury has directed that a prosecutor’s information be filed.
The proper remedy for a defendant in this situation is a motion to dismiss the information, in the court which impaneled the Grand Jury, pursuant to CPL 170.50 (see Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.50). CPL 170.50 (subd 2) and 210.30 provide that this motion must be preceded or accompanied by a motion to inspect the Grand Jury minutes. Defendant argues that this remedy is insufficient, because the motion to inspect is rarely granted. However, this argument is undercut by the policy in the Second Department to liberally grant the motion to inspect (see Matter of Miranda v Isseks, 41 AD2d 176).
*49 We agree with the holding in People v McClafferty (73 Misc 2d 666) to the extent that it is in accord with this opinion, and we reject the views expressed in People v Robinson (77 Misc 2d 1081).
Concur: Groat, P. J., Schwartzwald and Margett, JJ.