Edward M. O’Gorman, J.
The People seek, by way of order to show cause, an order of this court granting permission to the District Attorney of the County of Orange to exhume the body of one Alan Howard, presently interred in a cemetery in Bronx County, New York. The application is made pursuant to subdivision 4 óf section 4210 of the Public Health Law. Pursuant to said section, the court has heretofore required notice of the application to be served on Sarah Howard, the widow of the deceased. She has appeared and opposed the application.
It is the contention of the District Attorney that he has the right, pursuant to the terms of said subdivision 4 of section 4210, in the pursuance of his duties, in his sole discretion, to exhume a body to ascertain the cause of death.
The deceased Alan Howard and his wife Sarah, on March 9, 1975, were passengers in an automobile which was traveling along a State highway near the Village of Chester, New York. This automobile was suddenly struck by a vehicle operated by one Gilbert Miller which crossed out of its lane of traffic and collided with the Howard vehicle. The collision rendered Alan Howard unconscious, and he was taken from the scene of the accident to Arden Hill Hospital in nearby Goshen, New York. He was admitted to the hospital suffering from severe head injuries. He remained in the intensive care unit of the hospi *74 tal until the time of his death on March 15, 1975. Shortly thereafter, he was buried in St. Raymond’s Cemetery in Bronx County. Over two months have elapsed from that time to the time of this application.
The said Gilbert Milley has been charged in the Justice Court of the Village of Chester with operating a motor vehicle while under the influence of alcohol, and the matter-of a vehicular homicide charge is presently pending before the Orange County Grand Jury.
It is conceded on behalf of the District Attorney that there is probably enough evidence available to obtain an indictment of the defendant Miller on the vehicular homicide charge. There is no contention that any other crime is involved, nor any foul play suspected. It is argued, however, that in order to obtain a conviction on such charge, it will be necessary for the District Attorney to establish the cause of death, and that in so doing, in order to buttress the evidence, it will be necessary to present the evidence which would be obtained from an autopsy performed on the deceased Howard.
The District Attorney has not adequately explained why the hospital records and the testimony of those physicians who attended the deceased from the time of the accident to the time of his death are not adequate to supply such proof as may be necessary as to the cause of death.
The right to secure the peaceful repose of the body of a deceased spouse or relative, and to prevent interference therewith, is a most valuable right (25A C.J.S., Dead Bodies, § 4[1]). To construe section 4210 to confer an unlimited power on a district attorney to impair such a right by exhuming a body whenever, in the discharge of his official duties, he saw fit, would raise serious constitutional questions as to the validity of such a statute. The language of the statute gives him the right to obtain an order to exhume "whenever any district attorney in this state, in the discharge of his official duties, shall deem it necessary”. The term "deem” is the equivalent of "to judge”, or "to determine or conclude upon consideration” (Ballentine’s Law Dictionary, p 319). In the court’s opinion, while a district attorney undoubtedly has broad latitude in the exercise of his discretion under this section, there must still be some reasonable basis for his conclusion that the exhumation is necessary.
The provision of the statute that application múst first be made to a Judge for the order, and that the Judge may *75 require notice to the relatives of the deceased person, or other person having legal charge of the body, would seem to confirm the conclusion that in some cases, at least, a hearing to inquire into the necessity for the order was contemplated by the Legislature.
Under the circumstances of this case, the court is of the opinion that there has been no showing of the necessity to exhume the body of Alan Howard sufficient to justify this serious invasion of the right of the deceased’s widow and children, with the consequent pain and anguish which they would suffer (Matter of Coleman, 2 Misc 2d 615; Matter of Wilensky, 74 Misc 2d 512).
The application will be denied.