Morton B. Silberman, J.
This is a proceeding to enjoin the Rockland County Medical Examiner from performing an autopsy upon one Eleanor Lefkowitz, deceased. I conducted a hearing in this matter on April 22, 1977. At the conclusion of the hearing, I made an oral direction that the Medical Examiner was not to perform an autopsy. The nature and circumstances of the case did not allow sufficient time to render a formal decision and written order in advance of my aforementioned oral direction.
The essential facts are these: On the evening of April 21, 1977, at about 7:15 p.m., the said Mrs. Lefkowitz, aged 66, was struck by an automobile while attempting to cross Route 59 in *255 the Town of Ramapo. She was taken from the scene by ambulance to Good Samaritan Hospital, where she died shortly after her arrival and less than one hour after the accident occurred.
The decedent, her husband and the members of her family are of the Orthodox Hebrew faith. A tenet of that faith prohibits dissection of a human body after death. Accordingly, upon learning of the Medical Examiner’s intention to perform an autopsy, the within proceeding for an injunction was commenced.
As previously stated, I held a hearing in this matter during the afternoon of April 22, 1977. At such hearing, an Assistant District Attorney stated that based upon an investigation conducted by the Town of Ramapo Police Department there was no evidence to indicate any criminal conduct on the part of the driver of the automobile which had struck the decedent. He further stated that no criminal charges had been brought against the driver and that none were contemplated. The Medical Examiner, however, asserted that an autopsy was necessary to determine the precise cause of death.
Section 673 of the County Law authorizes a Medical Examiner to investigate deaths under specified circumstances. Section 674 prescribes the manner of investigation and states, in part, that a Medical Examiner "shall make or cause to be made such examinations, including an autopsy, as in his * * * opinion are necessary to establish the cause of death, or to determine the means or manner of death” (emphasis added).
Although the Medical Examiner has broad discretion under the statute to perform an autopsy as part of his investigation of a death, that discretion must not be exercised arbitrarily (see 13 NY Jur, Counties, § 100; Darcy v Presbyterian Hosp. in City of N. Y., 202 NY 259; Matter of Wilensky v Greco, 74 Misc 2d 512; see, also, People v Miller, 82 Misc 2d 72). As the statute admonishes, an autopsy is authorized only when "necessary.”
In this proceeding, it was clearly demonstrated that no criminal charges were made or contemplated. The decedent was struck by an automobile and died within one hour thereafter. The desire of the Medical Examiner to. perform an autopsy merely to determine whether the decedent died by reason of injury to one vital organ as opposed to another is far outweighed by the reasons advanced by the decedent’s family for opposing the autopsy. In view of the grief already inflicted *256 upon the decedent’s family by reason of her tragic and untimely death, and in the absence of any evidence to indicate that her death was caused by criminal means, the family should not be made to suffer the additional grief of transgressions against their religious beliefs.
In sum, I hold that an autopsy may not be performed over the religious, ethical or philosophical objections of a decedent’s family, absent a showing of genuine necessity therefor. Upon the evidence presented to me in this proceeding, I find that an autopsy is not "necessary” within the contemplation of the County Law (cf. Matter of Wilensky v Greco, supra; see, also, People v Miller, supra).
Accordingly, the petition is granted, and the Medical Examiner is hereby enjoined and restrained from performing an autopsy upon the said decedent.