OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner makes application for an order permanently enjoining respondent from performing an autopsy upon the remains of Dolly Atkins, his mother, and for a further order directing that the remains be returned to petitioner for burial.
At a hearing duly held this day, certain facts were stipulated and agreed to by the parties as follows: (1) that the aforesaid Dolly Atkins was struck by a motor vehicle on March 5, 1979 while crossing a public street, (2) that she was thereafter admitted to White Plains Hospital for treatment of the injuries sustained, (3) that she died at the aforesaid hospital on March 12, 1979, (4) that she was over 78 years of age at the time of her death, (5) that she was a member of the Orthodox Hebrew faith fully observing all holy days and *297 rituals of that faith, (6) that a tenet of said faith prohibits dissection of the human body after death, (7) that there are no criminal proceedings pending or contemplated against the operator of the motor vehicle which struck Dolly Atkins, and (8) that there is no suspicion of foul play connected with her death.
Respondent contends that an autopsy is necessary to determine the precise cause of death and testified that he was unable to ascribe a cause of death or to determine if death was caused by the injuries sustained in the accident or by natural causes.
A medical examiner is given authority by statute to investigate deaths and to perform autopsies in conjunction with such investigations when in his opinion it is necessary either to establish the cause of death or determine the means or manner thereof. (County Law, §§ 673, 674.)
Respondent further contends that his determination that an autopsy is necessary may not be disturbed by the courts.
Decisions of administrative or municipal officers have traditionally been subject to review by the courts based upon the salutary concept of checks and balances among the various arms of government.
Freedom of religion which necessarily includes the right to follow the tenets of one’s faith is one of the most basic and fundamental concepts of a democratic form of government. So vital is this right that it has been embodied in and remains guaranteed by both our State and Federal Constitutions.
It is true that individual’s rights must yield to the greater good of the larger number. Hence, autopsies can be justified when necessary to uncover criminal acts and avenge public outrage. But in a case such as this, where there is no criminal activity or suspicion of foul play, there is no sound reason to permit an invasion of deep seated religious beliefs to merely satisfy curiosity as to the cause of death.
The individual’s right of free choice in such an important area as religion must prevail over the State’s curiosity as to the cause of death. The bereaved have a right to proclaim that a body once laid to rest should no longer be disturbed — that the dead be allowed to rest in peace and that the body be returned to its maker in the form and manner best calculated to insure His favor.
The sanctity of the right of free choice becomes accentuated *298 when it entails the difference in the mind of the chooser between eternal life and terminal damnation.
For Dolly Atkins death has become a final fact of life, regardless of cause. An autopsy cannot restore her mortal being. It should not be countenanced to destroy her eternal life. The grief which follows the shadow of death must not be compounded by the indignity of transgression against sacred belief. (Brown v Broome County, 8 NY2d 330; Darcy v Presbyterian Hosp. in City of N. Y., 202 NY 259; Weberman v Zugibe, 90 Misc 2d 254; Matter of Wilensky v Greco, 74 Misc 2d 512.)
A permanent injunction is granted restraining respondent from performing an autopsy and respondent is directed to return the remains to petitioner forthwith for appropriate burial.