OPINION OF THE COURT
Frederick D. Dugan, J.
Defendant, here charged with one count of forgery in the second degree, class D felony (Penal Law § 170.10), moves for inspection of the Grand Jury minutes and dismissal of the indictment upon the grounds that the evidence before the Grand Jury was not legally sufficient to support the crime set forth in the indictment or any lesser included charge (CPL 210.20 [1] [b]; 210.30).
A motion to inspect Grand Jury minutes is a request by the defendant for the court to examine the stenographic minutes of the Grand Jury proceeding for the purpose of determining whether the evidence before the Grand Jury was legally sufficient. (CPL 210.30 [2], [4] [b]; Matter of Miranda v Isseks, 41 AD2d 176.) Defendant’s motion for the court’s in camera inspection of the Grand Jury minutes is granted.
A Grand Jury indictment is authorized when the evidence before it is legally sufficient to establish that such person committed a crime and competent and admissible evidence provides reasonable cause to believe that such person committed the crime. (CPL 190.65 [1].)
*579 The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (People v Glen, 173 NY 395.)
The proof before the Grand Jury is that one Ann Bean lived with the defendant in the County of Yates at his residence until August 3, 1983. She was the owner of a 1968 Chevrolet suburban automobile and a New York State certificate of registration for this vehicle had been issued in her name. The proof is that defendant signed her name on that registration to transfer that vehicle to himself.
The ownership of a pre-1973 model vehicle may be transferred by the registration indorsement alone.
Defendant’s motion to dismiss the indictment for legal insufficiency of the proof before the Grand Jury cites People v Walley (55 Misc 2d 771) for the proposition that a certificate of registration of a motor vehicle cannot be the subject of a forgery crime.
In Walley (supra) the trial proof was that the defendant had in his possession a certificate of registration issued by the Department of Motor Vehicles which he had signed and which contained altered serial and identification numbers for the vehicle; it was a spurious document. Defendant was charged under then Penal Law § 881 with a count of willfully uttering with intent to defraud and possession with intent to do so of a forged instrument or writing knowing the same to be forged.
The court dismissed this forgery count holding that even though duly issued by a State agency, such a certificate imposed no property rights upon its recipient and that a registration containing spurious language on its face cannot be the subject of a forgery count. (People v Walley, 55 Misc 2d 771, 772-773, supra)
Walley (supra) can be distinguished from the instant case on the facts. It is elemental that no title can be obtained from a thief. That court holds that the registration with the false information gave no property rights to the defendant so that signing his name to the registration did not come within the forgery statute then applicable.
Here the Grand Jury could find on the proof that defendant signed the owner’s name on the registration of a pre-1973 model automobile with the intent to defraud, deceive or injure another by falsely making and causing to be completed the registration instrument which evidenced the ownership of the true owner and transferred the ownership of the vehicle to defendant. (Penal Law § 170.10 [1].)
*580 Walley (supra) cites People v Sansanese (17 NY2d 302), where the Court of Appeals gave a limited meaning to the word “instrument”, an interpretation which was later broadened to a less constrictive reading of the statute so that the character and contents of a document must be closely analyzed to ascertain not only whether the particular document falls within the literal scope of the statute but also whether the document is of a character that the mischief the statute seeks to prevent would ensue. (People v Kase, 76 AD2d 532.)
As a matter of law, an automobile registration may be the subject of a charge of forgery. (People v Manzer, 1 AD2d 750.) Here the Grand Jury could and did find, on the proof, violation of the forgery statute. (Penal Law § 170.10 [1].)
Defendant also cites People v Altman (83 Misc 2d 771), where it was held that a falsely completed Motor Vehicle Department form stating the odometer reading of a vehicle (MV-50) was not a “written instrument” and did not constitute forgery in the second degree, there charged on subdivision (3) of the statute, “[a] written instrument officially issued or created by a public office, public servant or governmental instrumentality”. (Penal Law § 170.10 [3].) Altman is distinguished from the instant case both on the facts involving an MV-50 form rather than a registration and the holding under Penal Law § 170.10 (3), while the instant offense is charged under Penal Law § 170.10 (1), forgery in the second degree.
The motion having been granted to the extent that the court has made an in camera inspection of the Grand Jury minutes and, upon such reading, the court finding them to be légally sufficient, the motion to dismiss the indictment against the defendant upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the offense is denied.