■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH W. STERLING, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court correctly determined that the transfer portion of a motor vehicle certificate of registration may be the subject of a forgery, and denied defendant's motion to dismiss the indictment. We affirm that decision for the reasons stated at Yates County Court, Dugan, J. *(People v Sterling,* 127 Misc 2d 578).

Defendant also claims that the evidence was insufficient as a matter of law to support the verdict and that the verdict should be set aside as against the weight of the evidence. Neither claim is persuasive. Viewing the evidence in a light most favorable to the prosecution *(People v Benzinger,* 36 NY2d 29, 32) and giving the prosecution the benefit of every reasonable inference *(People v Giuliano,* 65 NY2d 766, 768), the facts from which the inference of intent to defraud and defendant's guilt may be drawn establish his guilt beyond a reasonable doubt *(People v Barnes,* 50 NY2d 375, 381). The jury was faced with conflicting testimony as to ownership of the vehicle and intent to defraud. Evaluation of the credibility of the testimony is primarily a jury function *(see, People v Gruttola,* 43 NY2d 116, 122), and the jury obviously resolved the credibility issues in the prosecution's favor. The evidence was sufficient in quality and quantity to support the jury's resolution of those issues, and the verdict is not against the weight of that evidence.

Finally, defendant was convicted of forgery in the second degree, a Class D felony. The court imposed an alternate sentence of one year's imprisonment (Penal Law § 70.00 [4]) and directed that it run concurrently with a three-year prison term imposed by Federal District Court on an unrelated charge. This sentence was neither unduly harsh nor excessive. (Appeal from judgment of Yates County Court, Dugan, J.—forgery, second degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Schnepp, JJ.