■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered February 25, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At this stage in the proceedings, this court is obliged to view the evidence in the light most favorable to the People with the benefit of every reasonable inference which may be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 768; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Kennedy,* 47 NY2d 196, 203). Based upon such, all of the elements of the crime of criminal possession of a weapon in the third degree were proven beyond a reasonable doubt. The defendant's testimony concerning his place of employment was not sufficient to raise the "place of business" exception to such crime *(see,* Penal Law § 265.02 [4]).

Where there has been a conviction upon legally sufficient evidence, the validity of the trial court's decision to deny the defendant's motion to inspect the Grand Jury minutes and to dismiss the indictment on the ground of insufficiency of the evidence is not reviewable *(see,* CPL 210.30 [6]; *Matter of Miranda v Isseks,* 41 AD2d 176). We additionally note that the defendant failed to raise the insufficiency of the Grand Jury

evidence by pretrial motion and, therefore, waived such issue (CPL 255.10 [1] [a]; 255.20; *People v Iannone,* 45 NY2d 589, 600-601; *People v Lowen,* 100 AD2d 518). Furthermore, the defendant's attempt to raise the point on an oral motion, after the jury was sworn and without reasonable notice to the People, was in clear violation of CPL 210.45 (1) *(see, People v Lowen, supra; People v Aviles,* 99 AD2d 1025).

The defendant's contention of judicial misconduct was not preserved for appellate review as no objection was raised at trial *(see,* CPL 470.05 [2]; *People v McLeod,* 109 AD2d 70; *People v Giles,* 87 AD2d 636). In any event, based upon a review of the record, we find such contention to be without merit. Rubin, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.