■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KNIGHTS, Appellant.—Main J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered July 1, 1985, upon a verdict convicting defendant of the crime of attempted rape in the first degree.

On March 11, 1984 defendant and his wife were living in their trailer home together with the wife's son and 10-year-old daughter, children of a previous marriage. During the late evening of that day, the wife found defendant in bed with the daughter under questionable circumstances which prompted the wife to interrogate and examine her daughter. She took her daughter into the bathroom and upon wiping her after she urinated, the wife observed blood on the tissue. The wife immediately took the child to a physician who examined her and performed various tests. While he was unable to state with certainty that there had been penetration, tests showed irritation to the child's perineal area and a urine test was positive for blood. The police were alerted and ultimately defendant was interrogated, then arrested and later indicted for the crime of rape in the first degree.

After a jury trial, defendant was found guilty of attempted rape in the first degree and sentenced to a term of imprisonment of 3 to 9 years. In the appeal that followed, defendant contended that County Court erred in summarily denying his motion for a suppression hearing wherein he asserted that his oral statements to the police officers were involuntarily made, that the jury verdict and the indictment were not adequately supported by properly corroborated evidence, that there was a violation of the spousal privilege, that he was denied his right to effective assistance of counsel, that prejudicial rulings of the court denied him a fair trial and that the Trial Judge should have recused himself.

When this appeal was originally before this court, we found that County Court had erred in summarily denying defendant's motion for a suppression hearing on the issue of the voluntariness of defendant's oral statements to the police officers, we withheld decision and remitted the case to County Court to conduct such a hearing and to determine defendant's motion, thus providing for effective review (124 AD2d 935). An

extensive hearing was conducted. At its conclusion, County Court found that the oral statements admitted at trial were voluntarily and knowingly made and, accordingly, defendant's motion for suppression was denied. Hence, all issues are now before us for our consideration and we will address them seriatim.

At the suppression hearing, defendant, in support of his contention that the statements were involuntary, asserted that he was in custody, that he did not make the statements attributed to him, that he was browbeaten and coerced, and that when he was contacted by the police, he informed them that he had an attorney but was denied access to him until after he was questioned and later arrested. We note at the outset that even though defendant denied making the statements to the police, he was still entitled to a full inquiry into the voluntary nature of his purported statements (see, People v Wright, 21 NY2d 1011, 1012).

The burden of persuasion on a motion to suppress a statement rests with a defendant when the People, in the first instance, establish the legality of the police conduct and a defendant's waiver of his Miranda rights (People v Love, 85 AD2d 799, affd 57 NY2d 998), and questions of credibility are matters to be determined by the trier of the facts (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Parks, 41 NY2d 36, 47). Perusal of the record of the suppression hearing leads us to conclude that the People have shown the validity of the police conduct. There is evidence, though contradicted by defendant, that defendant was given the Miranda warnings and indicated that he understood and had no questions or requests. There is also testimony to the effect that defendant was not taken into custody when first contacted by the police and, indeed, defendant's own testimony was that he had the option to drive his own car to the police substation if he so chose. There was testimony that defendant neither requested an attorney nor revealed that he had an attorney until after he had been arrested. The record conclusively establishes that there were no unrelated charges pending against defendant at the time. A fair review leads us to conclude that the Trial Judge, as the trier of the facts, could properly find, as he did, that the People met their burden and that defendant did not, and that the motion for suppression of the statements was properly denied.

Defendant next contends that there was insufficient corroboration both for his statements pursuant to CPL 60.50 and the

child's testimony pursuant to Penal Law § 130.16.* It is well settled that cross-corroboration is permitted in cases where, as here, the corroboration requirements of each statement are set forth in different statutes for different reasons *(People v Philipp,* 106 AD2d 681, 682, citing *People v Coleman,* 42 NY2d 500, 506). Hence, in this case, the child's testimony could corroborate defendant's statement and vice versa. Moreover, there was corroborative testimony from other witnesses so there is sufficient evidence to meet the requirements of both statutes. In reference to defendant's claim that his motion to dismiss the indictment should have been granted because of insufficient corroborative evidence, we take notice that since the trial evidence was legally sufficient to convict defendant, denial of the motion to dismiss is not appealable *(see, People v McGrath,* 115 AD2d 128, 129, *lv denied* 67 NY2d 654).

As to defendant's contention that County Court erred in permitting defendant's wife to testify as to certain statements made to her by defendant and in allowing the introduction into evidence of letters written to her by her husband, we agree. Analysis of these communications reveal that they were not admissions of guilt and, thus, fall outside the exceptions provided by this court in *People v St. John* (74 AD2d 85, *appeal dismissed* 53 NY2d 704) and *People v Allman* (41 AD2d 325). Moreover, the communications were protected because defendant's statements to his wife appear possibly to have been "prompted by the affection, confidence and loyalty engendered by the marital relationship, and that he 'clung to the illusion that they could still reconcile' " *(People v Fediuk,* 66 NY2d 881, 884, quoting *People v Fediuk,* 104 AD2d 1003, 1004). However, the communications were in many instances ambiguous and the wife's testimony may well have bolstered defendant's claim of innocence. After careful analysis of the communications and letters, we conclude that their admission constituted harmless error *(see, People v Crimmins,* 36 NY2d 230).

We have examined defendant's remaining contentions and find them to be unpreserved for review or without merit.

Judgment affirmed. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

* At the time of the alleged incident, Penal Law § 130.16 provided that a person could not be convicted for attempted rape in the first degree solely by the uncorroborated testimony of the alleged victim where lack of consent resulted from the victim's age.