THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MARYBETH TINNING, Appellant.

Third Department, December 29, 1988

### APPEARANCES OF COUNSEL

*Martin Cirincione* for appellant.

*John B. Poersch, District Attorney,* for respondent.

### OPINION OF THE COURT

MERCURE, J.

On December 20, 1985, a rescue squad responded to defendant's residence in the City of Schenectady and found defendant's three-month-old daughter, Tami Lynne, lying on the floor, not breathing. Defendant and the child were transported to the hospital where efforts to revive the infant were unsuccessful and she was pronounced dead. Preliminary autopsy reports suggested the cause of the infant's death was SIDS (sudden infant death syndrome or "crib death") or some genetic abnormality, but further study, laboratory tests and consultations caused medical authorities to conclude that Tami Lynne died from asphyxia by suffocation.

Defendant accompanied two police officers for questioning about the circumstances of Tami Lynne's death on February 4, 1986 and admitted to smothering her infant daughter. In addition, defendant confessed to killing two of her other children, Timothy in 1973 and Nathan in 1975, by smothering each with a pillow.* An eight-day suppression hearing was held in December 1986 to determine the admissibility of defendant's statements to police, resulting in County Court's rejection of defendant's claim that her statements were involuntary. In addition, just prior to the trial, County Court

---

* Between 1967 and 1985, defendant and her husband, Joseph Tinning, parented nine children, one adopted and eight natural, all of whom died. Jennifer was the youngest to die, at the age of eight days, never having left the hospital, and Barbara, the first born, lived the longest, to age 4½. Natural or unexplained causes, including SIDS and a rare genetic disease, were attributed as the cause of each child's death.

conducted a hearing, ultimately granting the People's request to present evidence of two prior uncharged crimes by admission of defendant's statements that she had previously smothered Timothy and Nathan.

Defendant was tried over a period of several weeks on two counts of murder in the second degree. The first count alleged an intentional killing of Tami Lynne; the second count alleged that defendant caused the infant's death under circumstances evincing a depraved indifference to human life. Evidence was presented by the People that the cause of Tami Lynne's death was asphyxia by suffocation. The defense presented evidence that the infant's death could be explained by natural causes, including SIDS and Werdnig-Hoffman's disease. The jury found defendant guilty of depraved indifference murder and she was sentenced to an indeterminate term of imprisonment of 20 years to life. This appeal ensued.

■ Contrary to defendant's claim on this appeal that County Court erred in refusing to suppress her statements because they were not voluntarily given, we conclude, upon examining the "totality of the circumstances" under which the statements were given (Clewis v Texas, 386 US 707, 708), that the motion was properly denied. It is well settled that the defendant bears the burden of persuasion on a motion to suppress a statement when the People, in the first instance, establish the legality of the police conduct and defendant's knowing and intelligent waiver of her Miranda rights (People v Knights, 131 AD2d 924, 925, lv denied 70 NY2d 713; see, People v Anderson, 42 NY2d 35, 37-38, 41; People v Berrios, 28 NY2d 361, 367), and issues of credibility are for the trier of fact (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

Our review of the record leads us to conclude that the People have shown the legality of the police conduct. Defendant testified that she willingly accompanied the police officers for questioning and that before leaving home she spoke with her husband, who advised her not to call an attorney. There was testimony, although contradicted by defendant, that defendant was read her Miranda warnings, that she indicated that she understood her rights and that she was not isolated from her family, but was allowed to see and speak with her husband during questioning. Further evidence in the record supported findings that defendant was not handcuffed, threatened or coerced, that she was free to leave and that she did not request an attorney until after she had given oral, written and stenographically recorded statements. County Court, as

the trier of fact, could properly find, as it did, that the People met their burden and that defendant did not. Therefore, the motion to suppress was properly denied.

Defendant next maintains that County Court erred in denying her motion to redact her statements to eliminate references to the deaths of the other children. We disagree. Initially, County Court redacted the statement with respect to the deaths of six children and allowed the following statement to be introduced at trial: "Timothy, Nathan and Tami. I smothered each with a pillow because I'm not a good mother. I'm not a good mother". However, because defendant herself presented medical evidence of the natural causes of death of her other children, County Court ruled that the unredacted statement containing defendant's description of the circumstances surrounding the deaths of all nine children was admissible.

■ ■ Preliminarily, the People contend that defendant has failed to preserve County Court's *Molineux* ruling *(People v Molineux,* 168 NY 264) for appellate review. We agree. After County Court determined that only a portion of the statement would be introduced, defense counsel stated, "other than the fact repeating again, 'I'm not a good mother', I have no objections to the court's ruling". Thereafter, no timely objection was interposed when County Court admitted the complete transcript of defendant's statement, including evidence of defendant's prior uncharged crimes *(see,* CPL 470.05 [2]; 470.15 [4] [a]; *People v Brooks,* 105 AD2d 977, 979). Moreover, were we to review the issue in the interest of justice *(see,* CPL 470.15 [1], [6] [a]; *People v Robinson,* 36 NY2d 224, 228-229, *mot to amend remittitur granted* 37 NY2d 784), we would hold that County Court's ruling was correct since evidence of the circumstances surrounding the deaths of Timothy and Nathan is probative on the issues of intent and absence of mistake or accident *(see, People v Alvino,* 71 NY2d 233, 241-242; *see also, People v Henson,* 33 NY2d 63, 72; *People v Schwartzman,* 24 NY2d 241, 247-248, *cert denied* 396 US 846; *People v Kinder,* 75 AD2d 34, 46). Further, we note that County Court gave very specific and precise instructions, correctly limiting the jury's consideration of evidence of the prior uncharged crimes to the issues of *intent* and *absence of mistake.* Thus, even if we determined that County Court's *Molineux* ruling constituted an error of law, because the evidence was irrelevant in the jury's determination as to whether defendant *recklessly* smoth-

ered the infant, it was harmless *(see, People v Crimmins,* 36 NY2d 230).

Defendant next contends that the evidence at trial was insufficient to support a jury verdict of murder in the second degree in violation of Penal Law § 125.25 (2). The judgment must be supported by evidence that defendant recklessly engaged in conduct which created a grave risk of death to another person and thereby caused death, "[u]nder circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2]). The "depraved indifference" element has been established when the evidence shows that defendant, by her conduct, demonstrated a wanton indifference to human life or depravity of mind *(see, People v Gomez,* 65 NY2d 9, 11; *see also, People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953). In addition, it has been noted that the phrase "under circumstances evincing a depraved indifference to human life" is not a *mens rea* element focusing on the subjective intent of defendant but, rather, involves an objective evaluation and assessment of the degree of risk presented by defendant's reckless conduct *(see, People v Gomez, supra,* at 11; *see also, People v Register, supra,* at 277).

██ On appeal, this court is obliged to view the evidence in a light most favorable to the People with the benefit of every reasonable inference which may be drawn therefrom *(People v Miller,* 121 AD2d 477, *lv denied* 68 NY2d 815), bearing in mind that credibility is a matter to be determined by the trier of fact *(People v Malizia,* 62 NY2d 755, 757, *supra)* and recognizing that whether a defendant acted recklessly and under circumstances evincing a depraved indifference to human life is a "qualitative judgment to be made by the jury" *(People v Le Grand,* 61 AD2d 815, *cert denied* 439 US 835). We conclude that the jury's verdict is supported by the evidence. Defendant's statement that, in order to stop her three-month-old daughter from crying, she "finally used the pillow from [her] bed and put it over [Tami Lynne's] head and held it until she stopped crying", corroborated by forensic evidence, was sufficient to support a finding that the infant's death was recklessly caused by defendant under circumstances evincing a depraved indifference to human life *(see, e.g., People v Lilly,* 71 AD2d 393, 396). We also reject defendant's contention that County Court erred in refusing to dismiss the indictment due to insufficient evidence before the Grand Jury. "Where there has been a conviction upon legally sufficient evidence, the validity of the trial court's decision to deny the defendant's

motion to inspect the Grand Jury minutes and to dismiss the indictment on the ground of insufficiency of the evidence is not reviewable" *(People v Miller, supra,* at 477; *see, Matter of Miranda v Isseks,* 41 AD2d 176; *see also,* CPL 210.30 [6]).

■ Nor are we persuaded that the prosecutor's remarks during summation constitute reversible error. Defendant maintains that the statements were so prejudicial that she was deprived of a fair trial. Specifically, defendant points to the prosecutor's statement during his summation that "I don't think there is any other thing that we could offer that would substantiate more the fact that [defendant] killed those three children". In addition, the prosecutor stated, "[w]hen you read those statements and when you look at the other evidence I'm sure that you will find that [defendant] here murdered her three children". While we agree with defendant that the prosecutor's remarks were improper, we note that defendant's confession that she smothered "Timothy, Nathan and Tami Lynne" was properly received in evidence and the jury was well aware of defendant's statements regarding the other children. Moreover, County Court's cautionary instructions to the jury that the statements regarding Timothy and Nathan were admissible solely on the issue of intent and absence of mistake ameliorated the prejudicial impact of the prosecutor's comments *(see, People v Priester,* 102 AD2d 942, 943; *People v Patterson,* 83 AD2d 691, 692). We conclude, therefore, considering the prosecutor's entire summation and the overwhelming evidence of guilt, that the improper comments were harmless error *(see, People v Crimmins,* 36 NY2d 230, *supra)* and did not render the trial unfair *(see, People v Hopkins,* 58 NY2d 1079; *People v Galloway,* 54 NY2d 396).

■ ■ Finally, defendant argues that her attorney did not provide effective assistance and that the sentence was harsh and excessive. We are not persuaded. As defendant herself indicates, defense counsel properly attempted to suppress her inculpatory statements and also requested that County Court redact the statements to exclude reference to the deaths of other children. In our view, defense counsel's actions throughout the jury selection process and the three-week trial "reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). Equally untenable is defendant's claim that the prison term of 20 years to life is harsh and excessive. It is well settled that sentencing is a matter resting within the sound discretion of the trial court, and the sentence imposed should not be reduced on appeal unless the

defendant has shown an abuse of the trial court's discretion or extraordinary circumstances *(People v Cyr,* 119 AD2d 901, *lv denied* 68 NY2d 756). No abuse has been established here. Accordingly, defendant's conviction must be affirmed in all respects.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment affirmed.