■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VAN DER SLUYS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of murder in the second degree, for the death of his three-month-old daughter, Heather. He argues on appeal that the evidence was insufficient to support his conviction, contending that he was convicted solely on the basis of his confession, in violation of CPL 60.50. We disagree. Dr. Linda Norton, a pathologist who had conducted thousands of autopsies, many involving sudden infant deaths, testified that this death was caused by intentional smothering and not by sudden infant death. This was sufficient corroboration *(see, People v Groff,* 71 NY2d 101, 107). Furthermore, the circumstantial evidence that a crime was committed also satisfies the corroboration requirement in CPL 60.50 *(see, People v Lipsky,* 57 NY2d 560, 570-571, *rearg denied* 58 NY2d 824). Thus, the additional proof that defendant was the only person with Heather at the time of her death; that defendant purchased insurance on Heather's life shortly before her death; and that her sister, Vicki Lynn, died under similar circumstances and defendant had collected $30,000 on Vicki Lynn's life insurance policy, presents "proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key" *(People v Jaehne,* 103 NY 182, 199-200, quoted in *People v Lipsky, supra,* at 571).

We have examined defendant's remaining contentions on appeal and find them to be without merit. (Appeal from

judgment of Onondaga County Court, Burke, J.—murder, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.