■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WANETA E. HOYT, Respondent. [620 NYS2d 520] —Cardona, P. J. Appeal from an order of the County Court of Tioga County (Sgueglia, J.), entered June 17, 1994, which denied the People's application pursuant to Public Health Law § 4210 (4) for the exhumation, removal and examination of five bodies.

Defendant's five children all died as infants between 1965 and 1971.[1] It was not until 1992 that the deaths were treated as possible homicides. At that time, an investigation was commenced which ultimately led to the discovery of evidence

1. Erik Hoyt (Oct. 17, 1964—Jan. 26, 1965), Julie Hoyt (July 19, 1968—Sept. 5, 1968), James Hoyt (May 31, 1966—Sept. 26, 1968), Molly Hoyt (March 18, 1970—June 5, 1970) and Noah Hoyt (May 9, 1971—July 28, 1971).

that defendant had murdered her five children by suffocation. By application dated April 11, 1994, the District Attorney of Tioga County sought an order pursuant to Public Health Law § 4210 (4) to permit the exhumation and autopsies of the five infants. Finding that the District Attorney was attempting to bolster and buttress his criminal case against defendant and that the People had not shown that autopsies would yield results different from the conclusions reached at the time of the deaths, County Court concluded that no good and substantial reason or compelling public necessity for exhumation had been presented. The District Attorney appeals the denial and we reverse.

At the time that each child died no foul play was suspected and, accordingly, the medical inquiries[2] into the causes of death did not concentrate on the possibility of homicide. A subsequent review of the records revealed errors in the original determinations as to the causes of death and the need for further medical examinations of the bodies. The record establishes that autopsies by a forensic pathologist, even at this late date, could reveal relevant information as to the causes of death and evidence of criminality.

Public Health Law § 4210 (4) provides that the District Attorney may exhume a body when he deems it necessary. Here, he has demonstrated that the autopsies are an integral part of and basic to the conduct of the criminal investigations of the homicides and the prosecution of the perpetrator. Good and substantial reasons for the exhumations have been established (see, People v Radtke, 152 Misc 2d 744; People v Miller, 82 Misc 2d 72; see also, Matter of Band, 117 AD2d 597). Under Public Health Law § 4210 (4), a District Attorney's discretion has broad latitude in determining when disinternment is necessary in the discharge of his official duties to ascertain the cause of death. While that discretion is not unfettered (see, People v Miller, supra), legitimate efforts to find physical evidence of the cause of death to strengthen a criminal case is clearly within the purview of a prosecutor's duties. Having made such a showing, the District Attorney is entitled to the relief requested. County Court's order must therefore be reversed.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, and application granted.

■ In the Matter of EVELYN GRUMBLING, Appellant, v

---

2. Autopsies were performed on three of the children at the time of their deaths; however, the report of one autopsy cannot be found.