OPINION OF THE COURT
Joseph E. Fahey, J.
*489 On June 14, 2007, this court dismissed the indictment in the within action upon the ground that evidence presented to the grand jury was so prejudicial that the integrity of the proceedings was impaired (see People v Winters, 16 Misc 3d 782 [2007]). The evidence concerned the deaths of defendant’s two other children who were in her custody on an earlier date in another county, and the medical examiner opined that those deaths were also homicides.
On July 5, 2007, the People requested reargument of the motion to dismiss and urged the court to find that the evidence was proper pursuant to People v Molineux (168 NY 264 [1901]). At oral argument, the People urged the court to carve out an exception for such evidence in cases of infanticide similar to the recognition of the “battered child syndrome” in People v Henson (33 NY2d 63 [1973]). The People further argued that the decisions in People v Tinning (142 AD2d 402 [3d Dept 1988]), People v Van Der Sluys (151 AD2d 983 [4th Dept 1989]), and People v Hoyt (210 AD2d 786 [3d Dept 1994]) support that position. For reasons that are discussed below, the court declines to adopt such an exception.
In People v Henson (supra), the Court of Appeals held that the “battered child syndrome” was a sufficiently well established medical diagnosis that admission of testimony concerning it, in a case of unexplained injuries to a child of tender years in the exclusive custody of the parent, was relevant and proper.[1] Of particular importance in that case, the testimony deemed to be admissible was testimony concerning injuries to the victim, not to any siblings; thus the testimony concerned the particular homicide at issue. As noted above, the testimony in the grand jury proceedings in the instant case involves different victims and an incident in a different county on a different date. Moreover, as discussed in the court’s prior decision, the nature of the alleged homicide, i.e., blunt trauma to the head preceding a fire, is considerably different than the alleged suffocation previously ruled to be sudden infant death syndrome in the case at bar.[2] Thus, there is no similarity to the evidence of unexplained bruising and injuries encompassed by the “battered child syndrome.” The exception urged by the People here would simply be that al *490 legations of unrelated infanticide, no matter how dissimilar, would be admissible to corroborate the charge of infanticide in any prosecution. Such an exception would erase, rather than blur, the line between probativeness and propensity.
Additionally, the People offer the decisions in People v Tinning (142 AD2d 402 [3d Dept 1988]), People v Van Der Sluys (151 AD2d 983 [4th Dept 1989]), and People v Hoyt (210 AD2d 786 [3d Dept 1994]) in support of their position. A review of those cases reveals that they are of little help in the instant case. In Tinning {supra), the Appellate Division, Third Department, held it was not error for the trial court to admit Molineux evidence concerning the uncharged deaths of other children, but noted that it was in response to the defendant having presented evidence that the children whom she was charged with killing had died of natural causes. Here, during the grand jury proceeding, the defendant has had no occasion to present any evidence whatsoever that would trigger such a ruling. In Van Der Sluys {supra), the Fourth Department ruled that the receipt of such evidence was proper in a bench trial where the defendant contended that his confession, alone, was insufficient to support his conviction. It can hardly be gainsaid that a judge, sitting without a jury, is less likely to be prejudiced by the receipt of this information for this limited purpose than is a grand jury making the decision whether to indict. People v Hoyt {supra) appears to address the authority for exhuming bodies pursuant to the Public Health Law § 4210 (4) and offers no guidance on this issue.
Unlike in Tinning and Van Der Sluys, the defendant in the instant case has not confessed or made any admissions concerning her culpability for the death charged in the indictment. As the court observed in its earlier opinion, the medical evidence concerning the deaths of all three children is “at best . . . muddled and confusing.”[3] Given these factors, the court adheres to its original determination and the indictment is dismissed with leave to re-present to another grand jury in accordance with the court’s opinion.

. In Henson, no such testimony was admitted and questions concerning its existence were ruled inadmissible during trial. Moreover, the testimony sought to be elicited was to rebut defense claims of accidental injuries.

. The People also cite Estelle v McGuire (502 US 62 [1991]). Like Henson, this dealt with the receipt of evidence in a California prosecution concerning “battered child syndrome” and involved prior injuries to the same victim.

. People v Winters (16 Misc 3d at 788).