■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS TUCK, Appellant.—Judgment unanimously affirmed. Memorandum: At trial, the court allowed a seven-year-old prosecution witness, defendant's daughter, to be seated at a table facing the jury because her testimony was not audible when she sat in the witness box. Defendant, citing *Coy v Iowa* (487 US —, 108 S Ct 2798), asserts that this procedure violated his right to confront the witnesses against him (US Const 6th Amend). We disagree. *Coy* holds that the Confrontation Clause is violated when defendant and witness are separated by a screen which shields the witness from the defendant's gaze. In the instant case, there was no physical barrier between defendant and his daughter. The witness was aware that she was being watched by defendant, and she identified him by describing his attire. Because we find that the witness was compelled to testify in the physical presence of, and within the view of, defendant, we conclude that the procedure employed by the trial court did not abridge defendant's constitutional right to confront the witnesses against him *(see, Coy v Iowa,* 487 US, *supra,* at —, —, 108 S Ct, *supra,* at 2800, 2802; *Kentucky v Stincer,* 482 US 730, *cert denied after remand* — US —, 108 S Ct 1234; *Pennsylvania v Ritchie,* 480 US 39, 51; *California v Green,* 399 US 149). We have reviewed defendant's other claim, and we find it to be without merit. (Appeal from judgment of Monroe County Court, Wisner, J.—sodomy, first degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT COOPER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's sole argument on appeal is that the trial court erred in allowing a witness to testify in rebuttal of defendant's alibi because the People had not given notice to defendant pursuant to CPL 250.20 (2). The argument is without merit. The witness did not testify in rebuttal to defendant's alibi; his testimony was offered to impeach defendant's credibility. CPL 250.20 (2) does not require notice or a continuance in such circumstances. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.