■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON BARBER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's motion to dismiss the indictment on speedy trial grounds *(see,* CPL 30.30) was properly denied. The motion was not made upon reasonable notice to the People as required by CPL 210.45 (1) *(see, People v Weaver,* 162 AD2d 486, 487, *lv denied* 76 NY2d 868; *see also, People v Lawrence,* 64 NY2d 200). Moreover, the sworn allegations in support of the motion failed to establish entitlement to dismissal of the indictment *(see,* CPL 210.45 [4], [5]; *People v Lomax,* 50 NY2d 351, 357). In any event, the record establishes that the People announced their readiness in open court on November 25, 1988, within six months of the commencement of the criminal proceeding and were in fact ready to proceed *(see,* CPL 30.30 [1] [a]; *People v Kendzia,* 64 NY2d 331, 337-338).

Defendant failed to preserve for our review his contention that the court erred in permitting the testimony of certain prosecution witnesses which improperly bolstered the victim's testimony *(see,* CPL 470.05 [2]) and we decline to reach the issue in the interest of justice *(see,* CPL 470.15 [6]).

The trial court erroneously permitted Investigator Pietrantoni to give improper rebuttal testimony with respect to a collateral matter *(see, People v Alvino,* 71 NY2d 233, 247). The error, however, was harmless because the proof of defendant's guilt was overwhelming and there is no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 242).

We conclude that the trial court properly sentenced defendant as a persistent felony offender *(see,* CPL 400.20; *People v Barber,* 154 AD2d 882, *lv denied* 75 NY2d 810; *People v Barber,* 149 AD2d 984, *lv denied* 74 NY2d 805). Although a writ of habeas corpus was granted to defendant by the United States District Court for the Western District of New York based on an inordinate delay in perfecting his appeal from a 1974 conviction for attempted rape in the first degree, this Court is not bound by the determinations of lower Federal courts on questions involving Federal constitutional law *(see,*

*People v Kin Kan,* 78 NY2d 54; *Flanagan v Prudential-Bache Sec.,* 67 NY2d 500, 506, *cert denied* 479 US 931). We have reviewed defendant's remaining contention and find it to be lacking in merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Sodomy, 1st Degree.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.