■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMET WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 27, 1989, convicting defendant of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent indeterminate terms of imprisonment of fifteen years to life, two to six years, and one to three years, respectively, unanimously affirmed.

During an argument over the volume of defendant's radio, defendant threatened to shoot Jaime Lopez, who had made the complaint, and William Valdez, whom Lopez had asked to speak with defendant. Minutes after the argument Valdez and another resident of the building heard a shot. The resident who had not taken part in the argument opened his door and saw Lopez lying on the floor. As defendant walked down the hall, he was heard commenting "you're next." A little while later defendant told Valdez that the gun had gone off accidentally. As defendant dressed, Valdez saw a .38 revolver on defendant's bed. Defendant then left the building. The gun was recovered by the police the next day from a nearby parking lot.

Lopez had been shot once in the head. The detective that tested the weapon said that the firing hammer could come forward only when the trigger was pulled. The day before the detective testified he shot holes in several pieces of cloth from various distances. The medical examiner used the pieces of cloth to reach the conclusion that the gun had been fired two to three inches from Lopez's head.

Defendant's challenge to the sufficiency of the proof offered to show that he intended to shoot Lopez is unavailing. Viewed in the light most favorable to the People (People v Contes, 60 NY2d 620), the evidence is satisfactory. Just minutes after defendant threatened to shoot both Lopez and Valdez, Lopez was dead on the floor with a single bullet wound in the head, and defendant was overheard saying "you're next." Defendant's motive was clear. He was angered by Lopez's complaint about loud noise. Also, his comments and conduct were inconsistent with his claim at trial that the shooting was accidental. Rather, they demonstrated his resolve to carry out his

threats and to escape the consequences. In addition, the testimony of the detective showed that there was no likelihood that the gun could have fired accidentally. Defendant's gun would not fire unless the trigger was pulled. Moreover, the fatal shot was fired at a distance of two or three inches.

The record does show that defendant was surprised to learn at trial that the detective had prepared cloth targets for the medical examiner to examine, but defendant is not entitled to a new trial. No *Rosario* violation occurred. Defendant was not deprived of a prior statement. Defendant urges that the surprise compelled him to testify, but defendant did not make that claim at trial. Defendant also claims that the evidence allowed the prosecutor to argue that the shot that killed Lopez was not wildly fired from fifty feet, but the medical examiner said that stippling is not found in sufficient quantity at two feet. Nor did the prosecutor violate her obligations under CPL article 240. No report was made in connection with the samples, which were prepared the day before the detective testified. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.