■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY POWERS, Appellant. [648 NYS2d 119] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered September 1, 1993, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, his statements to the police were voluntary. A review of the hearing transcript reveals that the defendant readily agreed to go to police headquarters. He was neither searched nor handcuffed, either when transported there or during questioning (see, People v Lovette, 212 AD2d 639). He never expressed a desire to leave the interview room, and was not arrested until after he made a second, taped statement. Furthermore, Miranda warnings were administered to him several times during the evening (see, e.g., People v Smith, 208 AD2d 966) and he was permitted to call a relative. Although the police told the defendant on several occasions that they did not believe his story, and that they thought that he was lying, this method of questioning was not so fundamentally unfair as to deny the defendant due process of law (see, People v Ingram, 208 AD2d 561). The evidence adduced at trial regarding the voluntariness of the defendant's statements to the police was insufficient to raise a factual dispute with regard to that issue, and therefore, the trial court properly refused to charge the jury on it (see, CPL 710.70 [3]; People v Cefaro, 23 NY2d 283, 286; People v Miner, 213 AD2d 429).

We find no merit to the defendant's argument that the court erred in refusing to charge the lesser-included offense of manslaughter in the second degree. Any challenge on this point is foreclosed by the jury's verdict of guilt of murder in the second degree, and the implicit rejection therein of the charged lesser-included offense of manslaughter in the first degree (cf., People v Kern, 149 AD2d 187, 238, affd 75 NY2d 638). Furthermore, even when the evidence is viewed in the light most favorable to the defendant, no reasonable view of it could support a finding that he committed the lesser-included offense of manslaughter in the second degree (People v Glover, 57 NY2d 61; People v Porteous, 193 AD2d 631).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Altman, Hart and McGinity, JJ., concur.