■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICA EDWARDS, Appellant. [653 NYS2d 315] —Judgment, Supreme Court, New York County (James Yates, J.), rendered on or about April 11, 1994, convicting defendant, after a jury trial, of criminally negligent homicide, and sentencing her to concurrent terms of 3 months intermittent imprisonment and 5 years probation with community service, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for proceedings pursuant to CPL 460.50 (5).

The jury's verdict was supported by legally sufficient evi-

dence (*see, People v Williams*, 84 NY2d 925) and was not against the weight of the evidence (CPL 470.15 [5]). The prosecution's expert witnesses testified that defendant's nine month old child must have been shaken repeatedly and violently in order for her injuries to have occurred. The jury reasonably concluded, from all the evidence, that defendant thus failed to perceive a substantial and unjustifiable risk of death, and that such failure was a gross deviation from reasonable care (*see, People v Hawkins-Rusch*, 212 AD2d 961, *lv denied* 85 NY2d 910).

Defendant's contention that she was deprived of a fair trial by the conduct of the prosecutor is unpreserved for appellate review (CPL 470.05 [2]) and we decline to review it in the interest of justice. In any event, the prosecutor's questioning of defense character witnesses did not usurp the function of the jury and her comments during summation constituted a proper response to the summation of defense counsel (*People v Galloway*, 54 NY2d 396).

The court properly submitted the charge of criminally negligent homicide as a lesser included offense of manslaughter in the second degree (CPL 300.50 [2]; *People v Green*, 56 NY2d 427). The People did nothing to limit their theory to recklessness as opposed to the lesser mental state of criminal negligence (*compare, People v Rothman*, 117 AD2d 535, *affd* 69 NY2d 767).

We perceive no abuse of discretion in sentencing.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.