■ The People of the State of New York, Respondent, v Raheem Shabazz, Also Known as Rasheem Shabazz, Appellant. [667 NYS2d 988] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered July 3, 1996, upon a verdict convicting defendant of the crime of robbery in the second degree.

At approximately 1:40 A.M. on November 18, 1995, a gas station in the City of Troy, Rensselaer County, was robbed at gunpoint. The clerk promptly reported the robbery and gave the police a detailed description of the perpetrator. Approximately 12 hours later, the clerk spotted the robber on the street a few blocks from the crime scene and immediately informed the police. He also indicated that the suspect was dressed in the same clothes he had been wearing the night before, with the addition of an orange sweatshirt or vest. Shortly thereafter, the police found defendant, whose appearance and clothing matched that described by the robbery victim, working inside a nearby apartment building. Minutes later, the clerk was brought to the building whereupon he spontaneously identified defendant, who is black, as the thief, declaring, "That's him * * * I'll never forget his face." At that time, defendant was standing on the stoop with several white, uniformed police officers. The clerk also stated that defendant had committed another robbery at the same gas station two months earlier.

Defendant was arrested, charged with the November 18, 1995 robbery and tried. Convicted of robbery in the second degree and sentenced as a persistent felony offender to serve an indeterminate term of 20 years to life in prison, defendant appeals.

We reject defendant's contention that the gas station clerk's out-of-court identification should have been suppressed, as the result of an unnecessarily suggestive showup (*see, People v Adams*, 53 NY2d 241, 251-252). Significantly, the identification came about as a result of the clerk's initial, unprompted recognition of the suspect on the street (*compare, People v Johnson*,

81 NY2d 828, 830-831), and the showup was occasioned by the need to provide the police with "reasonable assurances that they have arrested or detained the right person" (*People v Duuvon*, 77 NY2d 541, 545) and to enable them to "decide quickly whether the person they have apprehended should be formally arrested" (*id.*, at 547 [Titone, J., concurring]). These concerns have been held sufficient to justify the use of such procedures in the past (*see, People v Hall*, 208 AD2d 1044, 1045). In any event, if error occurred it was harmless, as there was an independent basis for the clerk's in-court identification of defendant (*see, People v Hall, supra*, at 1045; *People v White*, 185 AD2d 472, 473, *lv denied* 80 NY2d 935) and, even without the challenged testimony, the evidence against defendant was overwhelming (*see, People v Adams, supra*, at 252).

Defendant's remaining arguments merit little comment. Although defendant did raise an alibi defense, the testimony elicited from the prosecution's "surprise" witness did not serve to rebut that defense (*see,* CPL 250.20 [2]; *People v Cooper*, 147 AD2d 899, *lv denied* 73 NY2d 1013); hence, defendant did not have a statutory or constitutional right to disclosure of the identity of the witness prior to trial (*see, People v Coleman*, 178 AD2d 842, 844-845, *revd on other grounds* 81 NY2d 826). And, County Court did not, as defendant suggests, abuse its discretion (*see, People v Williams*, 243 AD2d 833, 837) by allowing that witness to testify, in view of the lack of prejudice to defendant who was offered—and declined—the opportunity to delay cross-examination so that defense counsel could have additional time to prepare.

To the extent that the prosecutor may have exceeded the bounds of acceptable comment and argument in his summation, his transgressions were not so pervasive or egregious as to have deprived defendant of due process by rendering the trial unfair (*see, People v Erwin*, 236 AD2d 787, *lv denied* 89 NY2d 1011; *People v Johnson*, 213 AD2d 791, 795, *lv denied* 85 NY2d 975). Nor is there any basis for concluding, at this juncture, that defendant received ineffective assistance of counsel merely because his attorney did not facilitate his desire to testify before the Grand Jury (*see, People v Wiggins*, 89 NY2d 872, 873-874).

Lastly, while it was improper for the Assistant District Attorney to engage in an ex parte communication with County Court during the sentencing hearing, at a time when defendant was proceeding *pro se*, the court effectively mitigated any prejudice that might have ensued—and demonstrated that the matter discussed was one of law and procedure, which did not

implicate defendant's right to be present at all material stages of the trial (*see,* CPL 260.20; *People v Dokes,* 79 NY2d 656, 660)—by immediately detailing, on the record, the substance of the prosecutor's brief comment and affording defendant an opportunity to respond (which he declined). Hence, reversal is not mandated on this ground (*see, People v Christie,* 241 AD2d 699, 701-702, *lv denied* 90 NY2d 938).

Defendant's remaining contentions, to the extent they have been preserved for review, are meritless.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.