■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PETTE, Appellant. [674 NYS2d 768] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered February 10, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of murder in the second degree arising from an incident in which he assaulted his grandmother and pushed her down a flight of stairs. The victim died several days after the incident from a heart attack precipitated by the assault.

The defendant's challenge to the sufficiency of the evidence regarding causation is unpreserved for appellate review (*see,*

CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the causal nexus between the injuries sustained as a result of the assault and the victim's heart attack (*see, Matter of Anthony M.,* 63 NY2d 270, 280-281). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, the defendant's conviction must be reversed because the trial court erred in admitting into evidence certain statements made by the decedent which inculpated the defendant. Contrary to the court's determination, those statements were not admissible as part of the decedent's medical records since the statements were not relevant to diagnosis or treatment (*see, People v Harris,* 132 AD2d 940, 941). In addition, the statements were not admissible as excited utterances. The statements were made after the decedent had the opportunity for "studied reflection" as evidenced by the fact that she had previously given a different account of the incident which exculpated the defendant (*see, People v Edwards,* 47 NY2d 493, 497). The fact that she gave inconsistent versions of the events demonstrates that she possessed reflective capacity and did not speak impulsively (*see, People v Edwards, supra,* at 497; *People v Caviness,* 38 NY2d 227, 231). Under the circumstances, the decedent's statements lack the inherent reliability critical to the excited utterance exception to the hearsay rule. The erroneous admission of those statements cannot be deemed harmless (*see, People v Crimmins,* 36 NY2d 230).

In light of our determination, it is unnecessary to address the defendant's remaining contention. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.