■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARRY D. BLUNT, Appellant. (Appeal No. 1.) [721 NYS2d 199] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of various counts charging him with criminal possession and sale of controlled substances. The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

County Court properly denied defendant's motion pursuant to CPL 440.10 seeking to vacate the judgment based on the prosecutor's failure to provide defendant with *Rosario* material, i.e., a diary kept by the informant. Contrary to defendant's contention, the diary is not *Rosario* material. The prosecutor learned of the existence of the diary, which was in North Carolina, during defendant's cross-examination of the informant, and thus, the diary was not "in or subject to the possession or control of the [prosecutor]" (*People v Kelly*, 88 NY2d 248, 252; *see, People v Reedy*, 70 NY2d 826, 827).

We reject the contention of defendant that his counsel's statement to the court, in defendant's presence, that defendant did not wish to participate in sidebar conferences of potential jurors was an ineffective waiver of defendant's right to be present at those conferences (*cf., People v Lucious*, 269 AD2d 766, 768-769; *see generally, People v Vargas*, 88 NY2d 363, 375-376; *People v Kanner*, 272 AD2d 866, 866-867, *lv denied* 95 NY2d 867). We also reject defendant's contention that the People improperly exercised a peremptory challenge to remove an African-American woman as a prospective juror. Although defendant met his initial burden of demonstrating a prima facie case of discrimination, the prosecutor provided a facially neutral explanation (*see, People v Allen*, 86 NY2d 101, 109-110) and the court's determination that the prosecutor's explanation

was not pretextual is accorded great deference (*see, Hernandez v New York,* 500 US 352, 364).

Contrary to defendant's contention, the court did not err in admitting evidence of an uncharged crime, i.e., the sale of cocaine to the informant by defendant and codefendant. The evidence was relevant on the issue of defendant's intent and its probative value exceeded its prejudicial effect in light of defendant's attempt to establish that the money paid to him by the informant was for the purchase of a car (*see, People v Alvino,* 71 NY2d 233, 241-242).

Defendant's contentions that the court erred in failing to provide complete preliminary instructions to the jury and further erred in admitting the tape recordings in evidence are not preserved for our review (*see,* CPL 470.05 [2]) and in any event are without merit. We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.