■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL FLECHA, Appellant. [724 NYS2d 396] —Order unanimously reversed on the law. Memorandum: County Court erred in directing defendant to pay restitution to the Crime Victims Board. Defendant's plea was "negotiated on terms that did not include mention of restitution" (*People v Cowan,* 168 AD2d 509). Because the order of restitution fails to conform to the terms of the plea agreement, it must be reversed (*see, People v Virola,* 203 AD2d 164, 164-165; *see also, People v Kevin C.,* 265 AD2d 828, 829). (Appeal from Order of Genesee County Court, Morton, J.—Restitution.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD L. DUPREE, Appellant. [725 NYS2d 241] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that Supreme Court erred in permitting the prosecutor to exercise a peremptory challenge to exclude the only prospective black juror (*see, Batson v Kentucky,* 476 US 79). The prosecutor provided a race-neutral reason for excluding the juror, and defendant failed to allege that the reason was pretextual (*see, People v Smith,* 278 AD2d 837). In any event, the prosecutor's reason was "related to the factual circumstances of the case and the qualifications of the juror to serve on that case" and was not pretextual (*People v Dalhouse,* 240 AD2d 420, 421, *lv denied* 91 NY2d 871). The sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Reckless Endangerment, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.