■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CRAWFORD, Appellant. (Appeal No. 2.) [749 NYS2d 447] —Appeal from a judgment of Erie County Court (Pietruszka, J.), entered October 19, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the contention of defendant, he was not denied his rights to due process and equal protection by the prosecutor's exercise of peremptory challenges to exclude two African-American prospective jurors. The prosecutor provided race-neutral explanations for excluding each of those prospective jurors (*see People v Allen,* 86 NY2d 101, 109-110; *People v Dupree,* 283 AD2d 1023, *lv denied* 96 NY2d 918), and County Court's determination that the prosecutor's explanations were not pretextual is entitled to great deference (*see Hernandez v New York,* 500 US 352, 364; *People v Blunt,* 280

AD2d 956, 956-957, *lv denied* 96 NY2d 826). The contention of defendant that the court applied an inappropriate legal standard in denying his *Batson* motion is unpreserved for our review because defendant failed to object on that ground at a time when the court could have remedied the perceived error (*see* CPL 470.05 [2]; *People v Correa*, 265 AD2d 488, *lv denied* 94 NY2d 861; *People v Parks*, 210 AD2d 437, *lv denied* 85 NY2d 941). In any event, the record establishes that the court applied the appropriate legal standard in denying defendant's *Batson* motion (*see Parks*, 210 AD2d 437). The evidence is legally sufficient to support the conviction of felony murder (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [2]) and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The further contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation is unpreserved for our review because defendant did not object to the prosecutor's allegedly inappropriate comments (*see People v Tonge*, 93 NY2d 838, 839-840; *People v Anderson*, 274 AD2d 974, *lv denied* 95 NY2d 863). In any event, the prosecutor's comments were not so egregious as to deny defendant a fair trial (*see People v Hightower*, 286 AD2d 913, 914, *lv denied* 97 NY2d 656). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.