■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. PLUME, Also Known as WILLIAM J. AGUIRRE, Also Known as WILLIAM J. AQUIRE, Appellant. [762 NYS2d 313] —Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered September 12, 2000, convicting defendant after a jury trial of, inter alia, burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him after a jury trial of two counts each of burglary in the first degree (Penal Law § 140.30 [2], [3]), assault in the first degree (§ 120.10 [1], [4]) and assault in the second degree (§ 120.05 [1], [6]), one count of reckless endangerment in the first degree (§ 120.25), and three counts of criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant has failed to preserve for our review his contention that the police should have repeated the *Miranda* warnings previously issued because he was not in continuous police custody (*see People v Kemp,* 266 AD2d 887 [1999], *lv denied* 94 NY2d 921 [2000]). In any event, that contention is without merit. "[W]here a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous," and here, contrary to defendant's contention, the custody was continuous (*People v Glinsman,* 107 AD2d 710, 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]; *see People v Leflore,* 303 AD2d 1041 [2003]; *People v Chatman,* 281 AD2d 964, 965-966 [2001], *lv denied* 96 NY2d 899 [2001]; *People v Fontanez,* 278 AD2d 933, 934 [2000], *lv denied* 96 NY2d 862 [2001]). Defendant similarly has failed to preserve for our review his contention that County Court abused its discretion in permitting the People to present the testimony of a witness who was not on their witness list (*see People v McCray,* 227 AD2d 900 [1996], *lv denied* 89 NY2d 866 [1996]; *see also People v Tevaha,* 84 NY2d 879 [1994]). In any event, that contention is lacking in merit under the circumstances of this case (*see People v Shabazz,* 246 AD2d 831, 832 [1998], *lv denied* 91 NY2d 945, 92 NY2d 905 [1998]; *People v Williams,* 243 AD2d 833, 837 [1997], *lv denied* 91 NY2d 926, 931 [1998]).

Defendant has failed to preserve for our review his challenges to the legal sufficiency of the evidence to support his conviction of various counts (*see People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, those challenges are lacking in merit. The evidence is legally sufficient to establish that defendant knowingly entered the victim's home unlawfully and with criminal intent and thus is legally sufficient to support the conviction of two counts of burglary in the first degree (*see People v Horn,* 302 AD2d 975 [2003]; *People v Prober,* 298 AD2d 966 [2002], *lv denied* 99 NY2d 538 [2002]). The evidence also is legally sufficient to establish, in support of the conviction of two counts of assault in the first degree, that defendant intended to cause serious physical injury to the victim (*see* Penal Law § 120.10 [1]; *People v*

*Askerneese,* 256 AD2d 34, 34-35 [1998], *affd* 93 NY2d 884 [1999]; *People v Campbell,* 300 AD2d 501, 502 [2002]) and inflicted such injury during his commission of a burglary (*see* Penal Law § 120.10 [4]; *People v Griffin,* 300 AD2d 743, 743-744 [2002]). With respect to the challenge of defendant to the conviction of two counts of assault in the second degree involving a different victim, we similarly conclude that the evidence is legally sufficient to establish his intent to inflict physical injury upon the victim (*see* Penal Law § 120.05 [1]) and that he inflicted such injury during the commission of a burglary (*see* § 120.05 [6]). We further conclude that the evidence is legally sufficient to establish, in support of the conviction of reckless endangerment in the first degree, that defendant, "under circumstances evincing a depraved indifference to human life," recklessly engaged in conduct that created "a grave risk of death to another person" (§ 120.25; *see People v Lynch,* 95 NY2d 243, 247-248 [2000]; *People v Chrysler,* 85 NY2d 413, 415 [1995]).

We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.