THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. BODENBURG, Appellant. [775 NYS2d 595]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered June 7, 2001, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress oral, written, and videotaped statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied those branches of his omnibus motion which were to suppress oral, written, and videotaped statements he made to detectives while being questioned by them, claiming that his statements were the products of coercion. The hearing court concluded that the defendant's statements were voluntarily given after he had been fully apprised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and agreed to waive those rights, several times. This agreement was not the result of coercive conditions. The factual findings and credibility determinations of a hearing court are accorded great deference

on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759 [1977]). The hearing court properly refused to suppress the defendant's statements (*see Miranda v Arizona, supra; People v Huntley*, 15 NY2d 72 [1965]; *People v Powers*, 231 AD2d 744 [1996]; *People v Smith*, 208 AD2d 966 [1994]; *People v Benitez*, 128 AD2d 628 [1987]).

The defendant contends that the death of the three-year-old victim was caused by alcohol poisoning rather than by any action on his part. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant caused the death of the girl by brutally beating and smothering her, while she was in his sole care, rather than the child's death being caused by alcohol poisoning (*see People v Van Der Sluys*, 151 AD2d 983 [1989]; *People v Tinning*, 142 AD2d 402 [1988]).

"Conflicting expert testimony concerning the cause of death was properly presented to the [trial court] and we see no reason to disturb its decision to accept the testimony of the People's experts, which was amply supported by the totality of the evidence" (*People v Campbell*, 247 AD2d 277 [1998]; *see People v Strawbridge*, 299 AD2d 584 [2002]).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is not preserved for appellate review. H. Miller, J.P., Goldstein, Adams and Cozier, JJ., concur.