■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. JOHNSON, SR., Appellant. [798 NYS2d 637]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 24, 2003. The judgment convicted defendant, upon a jury verdict, of arson in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of arson in the third degree (Penal Law § 150.10 [1]), defendant contends that County Court erred in denying his motion to suppress oral statements that he made to one police officer in the interim between two written statements given to another officer. We reject that contention. Even assuming, arguendo, that defendant was in police custody when he made the oral statements and was therefore entitled to *Miranda* warnings, we conclude that where, as here, "a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody [was] continuous" (*People v Glins-*

*man,* 107 AD2d 710, 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]; *see People v Plume,* 306 AD2d 916, 917 [2003], *lv denied* 100 NY2d 644 [2003]; *People v Jandreau,* 277 AD2d 998 [2000], *lv denied* 96 NY2d 784 [2001]). Contrary to defendant's further contention, there were no "special circumstances . . . [that overcame defendant's] 'will to resist,' " and thus defendant's statements were not thereby rendered involuntary (*Beckwith v United States,* 425 US 341, 348 [1976], quoting *Rogers v Richmond,* 365 US 534, 544 [1961]).

Defendant failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]). In any event, the evidence is legally sufficient to support the conviction and, also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Martoche, Pine, Lawton and Hayes, JJ.