THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD H. COX, Appellant. [802 NYS2d 813]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered May 1, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree (two counts), assault in the first degree and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and two counts of robbery in the first degree (§ 160.15 [1], [3]). By failing to renew his motion to dismiss at the close of his case, defendant has failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of felony murder (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Page-Johnson*, 5 AD3d 990 [2004]). In any event, we conclude that the evidence is legally sufficient to establish that the victim's death was caused, in part, by the conduct of the codefendant (*see* Penal Law § 20.00; *Matter of Anthony M.*, 63 NY2d 270, 280 [1984]; *People v Pette*, 251 AD2d 600, 601 [1998]). We likewise conclude that the verdict with respect to felony murder is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The jury was presented with conflicting expert testimony regarding the cause of death, and the record supports [the jury's] decision to credit the People's expert testimony" (*People v Fields*, 16 AD3d 142, 142 [2005], *lv denied* 4 NY3d 886 [2005]; *see People v Bodenburg*, 7 AD3d 534, 535 [2004], *lv denied* 3 NY3d 657 [2004]; *People v Rosario*, 6 AD3d 175 [2004], *lv denied* 3 NY3d 647 [2004]; *People v Campbell*, 247 AD2d 277 [1998], *lv denied* 91 NY2d 1005 [1998]).

We reject the further contention of defendant that County Court's jury charge on causation requires reversal. We agree with defendant that the court erred in refusing to charge foreseeability, but we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The court's charge covered the sequence of conditions and events between the fracture of the victim's skull to the victim's fatal heart attack, and the court stated that "[a] defendant charged with murder . . . cannot escape liability merely because the wounds inflicted did not cause immediate death. It is sufficient if the wound inflicted was the legal cause of death, i.e., if it started a chain of causation which was [a] competent producing cause of death." The undisputed evidence established that the codefendant struck the victim on the head with a baseball

bat, fracturing the victim's skull, and thus the ultimate harm, i.e., death, was a "reasonably foreseeable result of the conduct" (CJI2d [NY] Penal Law art 125—Causation; *see People v Kibbe*, 35 NY2d 407, 411-413 [1974], *rearg denied* 37 NY2d 741 [1975]). The court's error therefore is harmless because the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted had the court charged foreseeability (*see generally Crimmins*, 36 NY2d at 241-242). We reject the further contention of defendant that the court erred in denying his request to charge the affirmative defense to felony murder (*see* Penal Law § 125.25 [3] [a]-[d]). Because the evidence at trial established that defendant was aware that the codefendant was armed with a baseball bat, there is " '[n]o reasonable view of the evidence' that would have permitted a jury to find that defendant was unaware that [the codefendant] was armed" (*People v Lawrence*, 1 AD3d 625, 627 [2003], *lv denied* 1 NY3d 630 [2004]; *see People v Merchant*, 4 AD3d 487 [2004], *lv denied* 2 NY3d 803 [2004]; *People v Crump*, 254 AD2d 742 [1998], *lv denied* 92 NY2d 1030, 93 NY2d 968 [1998] [1999]).

Also contrary to the contention of defendant, the court properly denied his motion to suppress his statements to the police. "[W]here, as here, 'a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody [was] continuous' " (*People v Johnson*, 20 AD3d 939, 939 [2005], quoting *People v Glinsman*, 107 AD2d 710, 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]; *see People v Plume*, 306 AD2d 916, 917 [2003], *lv denied* 100 NY2d 644 [2003]; *People v Jandreau*, 277 AD2d 998, 998-999 [2000], *lv denied* 96 NY2d 784 [2001]). The social "conversation" that followed the waiver by defendant of his *Miranda* rights did not create a break in the "custodial circumstances" (*People v Kollar*, 305 AD2d 295, 299 [2003], *appeal dismissed* 1 NY3d 591 [2004]; *see People v Sanders*, 295 AD2d 639 [2002], *lv denied* 98 NY2d 771 [2002]).

"The further contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation is unpreserved for our review because defendant did not object to the prosecutor's allegedly inappropriate comments" (*People v Crawford*, 299 AD2d 848, 849 [2002], *lv denied* 99 NY2d 581, 653 [2003]; *see People v Shabazz*, 289 AD2d 1059, 1060 [2001], *affd* 99 NY2d 634 [2003], *rearg denied* 100 NY2d 556 [2003]; *People v Butler*, 2 AD3d 1457, 1458 [2003], *lv denied* 3 NY3d

637 [2004]). In any event, "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968 [2003], *lv denied* 100 NY2d 583 [2003], quoting *People v Gonzalez*, 206 AD2d 946, 947 [1994], *lv denied* 84 NY2d 867 [1994]; *see People v Cohen*, 302 AD2d 904, 905 [2003]). In addition, we reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to the prosecutor's allegedly inappropriate comments (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.