THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAIN WILLIAMS, Appellant. [801 NYS2d 659]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered October 31, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that County Court erred in admitting the testimony of a police officer concerning his test-firing of the weapon seized from defendant. Defendant contends that he was prejudiced thereby because the bullets seized from the weapon had already been admitted in evidence and because he had no prior notice of the test-firing results, inasmuch as the test-firing occurred on the same day on which the officer testified at trial. Contrary to defendant's contention, mere surprise at trial with respect to an undisclosed ballistics test does not constitute a denial of due process warranting reversal (*see generally People v Williams*, 176 AD2d 167, 168 [1991], *lv denied* 79 NY2d 833 [1991]), nor has defendant established that he was prejudiced by the absence of prior notice of the test-firing results.

Contrary to defendant's further contention, the court properly admitted testimony concerning an uncharged crime, i.e., defendant's sale of cocaine to the informant on the day before the commission of the crimes herein. That testimony was properly admitted on the issue of defendant's intent to sell drugs (*see People v Alvino*, 71 NY2d 233, 241-243 [1987]; *People*

*v Blunt*, 280 AD2d 956, 957 [2001], *lv denied* 96 NY2d 826 [2001]). The court also properly admitted the testimony of the informant concerning statements made by defendant to the informant regarding defendant's intent to use a gun. The informant was not acting as an agent of law enforcement at the time defendant made the statements to him, and thus the People were not required to include those statements in their CPL 710.30 notice (*see People v Quinto*, 245 AD2d 121 [1997]). In any event, defendant made the incriminating statements spontaneously in the course of illegal conduct, and thus notice pursuant to CPL 710.30 was not required (*see People v Garcia-Lopez*, 308 AD2d 366 [2003], *lv denied* 1 NY3d 572 [2003]). Defendant further contends that he was deprived of a fair trial because the court allowed the People to present the testimony of a witness who was not on their witness list. We reject defendant's contention, under the circumstances of this case (*see People v Plume*, 306 AD2d 916, 917 [2003], *lv denied* 100 NY2d 644 [2003]; *People v Shabazz*, 246 AD2d 831, 832 [1998], *lv denied* 91 NY2d 945 [1998]).

Also contrary to the contention of defendant, the police had probable cause to believe that he was engaged in or was about to engage in criminal activities as he approached the informant's house in a vehicle, and thus the police had probable cause to stop the vehicle. The determination of the suppression court is entitled to great weight (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and we perceive no reason herein to disturb that determination. We further conclude that the evidence is legally sufficient to establish defendant's intent to use the weapon and thus is legally sufficient to support the conviction of criminal possession of a weapon in the second degree (*see People v Gibson*, 309 AD2d 614 [2003], *lv denied* 1 NY3d 597 [2004]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.