■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN SULAYAO, Appellant. [871 NYS2d 727]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 22, 2004, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's generalized motion to dismiss made at the conclusion of the People's case failed to preserve his challenge to the legal sufficiency of the evidence (*see People v Hawkins,* 11 NY3d 484 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Cox,* 21 AD3d 1361, 1362 [2005]; *People v Bodenburg,* 7 AD3d 534, 535 [2004]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Bodenburg,* 7 AD3d at 535; *People v Rosario,* 6 AD3d 175 [2004]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in permitting a Powerpoint presentation on the mechanics and injuries associated with shaken baby syndrome, as the probative value of the presentation outweighed its prejudicial effect (*see People v Yates,* 290 AD2d 888, 889-890 [2002]; *see generally People v Scarola,* 71 NY2d 769, 777 [1988]; *People v Acevedo,* 40 NY2d 701, 704 [1976]). Moreover, any resultant prejudice was minimized by the court's limiting instructions to the jury (*see People v Yates,* 290 AD2d at 890). Likewise, the trial court providently exercised its discretion in allowing an expert witness to shake a doll in order to demonstrate the force necessary to inflict shaken baby syndrome (*see People v Kendall,* 254 AD2d 809, 810 [1998]).

While some of the People's rebuttal testimony was cumulative of what they had already presented on their direct case and should have been excluded from evidence (*see People v Kendall,* 255 AD2d 601 [1998]; *People v Alston,* 158 AD2d 607 [1990]), any error was harmless as there was overwhelming evidence of

the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Kendall,* 255 AD2d at 601; *People v Barber,* 175 AD2d 560 [1991]).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.