■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL GREEN, Appellant. [875 NYS2d 390]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 7, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject the contention of defendant that Supreme Court erred in denying his first *Batson* challenge with respect to a black prospective juror. Defendant failed to present "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenge[ ] to exclude" the potential juror because of her race (*People v Childress*, 81 NY2d 263, 266 [1993]; *see People v Jones*, 11 NY3d 822, 823 [2008]; *see generally Batson v Kentucky*, 476 US 79, 93-94 [1986]). Contrary to the further contention of defendant, the court's determination that he did not establish good cause for his failure to serve and file a notice of intent to introduce psychiatric evidence in a timely manner was not an abuse of discretion, inasmuch as defendant failed to provide even informal notice of such intent until the trial had commenced (*see* CPL 250.10 [2]; *People v Berk*, 88 NY2d 257, 265-266 [1996], *cert denied* 519 US 859 [1996]; *People v Heath*, 49 AD3d 970, 972 [2008], *lv denied* 10 NY3d 959 [2008]).

Defendant waived his challenge to the legal sufficiency of the evidence by requesting that the court charge manslaughter in the first degree as a lesser included offense of murder in the second degree (Penal Law § 125.25 [1]; *see* CPL 300.50 [1]; *People v Richardson*, 88 NY2d 1049, 1051 [1996]; *People v McDuffie*, 46 AD3d 1385, 1386 [2007], *lv denied* 10 NY3d 867 [2008]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d

342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although none of the witnesses testified that he or she observed defendant with a knife, the testimony of several witnesses established that defendant was the initial unprovoked aggressor and that only defendant and the victim were involved in the altercation during which the victim was stabbed. We thus perceive no reason to disturb the jury's credibility determinations (*see People v Borthwick*, 51 AD3d 1211, 1214 [2008], *lv denied* 11 NY3d 734 [2008]).

We further conclude that the court properly refused to suppress defendant's statements to the police. The intelligence of a defendant is only one factor to consider in determining whether his or her waiver of *Miranda* rights was voluntary and, here, the record supports the court's determination that defendant understood the meaning of the *Miranda* warnings prior to waiving his rights (*see People v Williams*, 62 NY2d 285, 288-290 [1984]). We reject the contention of defendant that new *Miranda* warnings were required before he made statements to the transporting officer. Those statements were made within a reasonable time after the initial valid waiver by defendant of his *Miranda* rights, during which time defendant remained in continuous custody (*see People v Cox*, 21 AD3d 1361, 1363 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Johnson*, 20 AD3d 939 [2005], *lv denied* 5 NY3d 853 [2005]).

Contrary to the contention of defendant, he was not denied a fair trial based on the court's expanded jury charge with respect to intent. The language used by the court was substantially similar to language recommended by the Committee on Criminal Jury Instructions, and "the court's charge, read as a whole, made clear that it was the jury's role to determine the defendant's intent, and that the People bore the burden of proving, beyond a reasonable doubt, that the defendant acted [intentionally]" (*People v Torres*, 46 AD3d 925, 925-926 [2007], *lv denied* 10 NY3d 817 [2008]). The further contention of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation is preserved for our review only with respect to certain instances of alleged misconduct (*see* CPL 470.05 [2]). In any event, we conclude that the prosecutor's comments on summation were "either a fair response to defense counsel's summation or fair comment on the evidence" (*People v Anderson*, 52 AD3d 1320, 1321 [2008], *lv denied* 11 NY3d 733 [2008]; *see People v Farrell*, 228 AD2d 693 [1996], *lv denied* 88 NY2d 984 [1996]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.