■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMA CALDAVADO, Also Known as ALMA CALDERARO, Appellant. [910 NYS2d 673]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered April 1, 2009, convicting her of assault in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contentions, the trial court providently exercised its discretion in permitting a PowerPoint presentation as to the injuries associated with shaken baby syndrome and in allowing an expert witness to shake a doll in order to demonstrate the force necessary to inflict shaken baby syndrome, as the probative value of the presentation outweighed its prejudicial effect (*see People v Sulayao*, 58 AD3d 769, 770 [2009]; *People v Mora*, 57 AD3d 571, 572 [2008]; *People v Yates*, 290 AD2d 888, 889-890 [2002]). Moreover, any prejudice was minimized by the court's limiting instructions to the jury (*see People v Sulayao*, 58 AD3d at 770).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.