# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1450

KA 11-00847

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM M. DEAN, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered March 29, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (three counts), grand larceny in the third degree, criminal mischief in the second degree, petit larceny, grand larceny in the fourth degree (two counts) and criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for resentencing on that count.

Memorandum: On appeal from a judgment convicting him following a jury trial of various crimes arising out of three burglaries, defendant contends that the conviction is not supported by legally sufficient evidence because the jury made inferences from other inferences in reaching its verdict. Defendant failed to preserve that contention for our review because he failed to renew his motion for a trial order of dismissal on that ground after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). With respect to defendant's contention that he was denied effective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). Defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for the various allegations of ineffectiveness (*People v Rivera*, 71 NY2d 705, 709).

Defendant contends that the prosecutor engaged in misconduct on summation but failed to preserve for our review any of the alleged instances of misconduct (*see* CPL 470.05 [2]; *People v Cox*, 21 AD3d 1361, 1363-1364, *lv denied* 6 NY3d 753), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that County Court violated the Confrontation Clause by ruling that defense counsel opened the door to a hearsay statement. We reject that contention. In *People v Reid* (19 NY3d 382, 384-385), the Court of Appeals concluded that the door could be opened to evidence that was otherwise inadmissible under the Confrontation Clause. We further conclude that the rule enunciated in *Reid* should be applied retroactively (*see People v Pepper*, 53 NY2d 213, 219-221, *cert denied* 454 US 967).

We note that there is discrepancy between the certificate of conviction and the sentencing minutes with respect to count three, charging defendant with burglary in the second degree (Penal Law § 140.25 [2]). Defendant was sentenced to a determinate term of five years' imprisonment with three years' postrelease supervision, but the certificate of conviction states that defendant was sentenced to seven years' imprisonment with five years' postrelease supervision. In addition, the period of postrelease supervision must in any event be at least five years (*see* §§ 70.00 [6]; 70.06 [6] [b]; 70.45 [2]). Thus, we modify the judgment by vacating the sentence imposed on count three, and we remit the matter to County Court for resentencing on count three and for the court to correct the discrepancy between the certificate of conviction and the sentencing minutes regarding that count (*see People v Hall*, 5 AD3d 1011, 1011-1012).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: December 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court