Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 4, 2013, convicting him of manslaughter in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. Ordered that the judgment is affirmed. On October 23, 2007, the defendant’s then 2V2-month-old daughter, Annie, was admitted to the emergency room of Flushing Hospital Medical Center with multiple injuries. Among other injuries, Annie’s skull was fractured and her brain was bleeding. Additionally, she had diffuse bilateral retinal hemorrhages, a rib fracture, fractures in both of her legs, and damage to the nerves in her cervical spine. These injuries were consistent with abusive head trauma and shaken baby syndrome. On October 26, 2007, Annie was declared brain dead. On October 28, 2007, life support measures were removed and Annie died. After providing a number of oral and written statements to the police, the defendant eventually admitted to the police that he “carelessly bumpfed] [Annie’s] head on the night stand.” The defendant was arrested and charged, inter alia, with manslaughter in the second degree and endangering the welfare of a child. He was later convicted, upon a jury verdict, of those charges. The defendant’s generalized motion to dismiss made at the conclusion of the People’s case failed to preserve his challenge to the legal sufficiency of the evidence (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see People v Caldavado, 78 AD3d 962, 963 [2010]; People v Sulayao, 58 AD3d 769, 770 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The evidence presented by the People established that the defendant had one-on-one access to Annie during relevant time periods preceding her hospitalization. Further, the record is replete with evidence, including strong medical expert evidence, that Annie’s death was a homicide caused by violent shaking and forceful impacts to her head. This proof, coupled with the defendant’s devastating admission that he “carelessly bump[ed] her head on the night stand,” was both legally and factually sufficient to sustain the jury’s verdict. The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P., Roman and Maltese, JJ., concur.