People v Baque (2022 NY Slip Op 06711)

People v Baque

2022 NY Slip Op 06711

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-03986
 (Ind. No. 151/17)

[*1]The People of the State of New York, respondent,
v
Jorge Baque, appellant.

Patricia Pazner, New York. NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered April 3, 2019, convicting him of criminally negligent homicide and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On July 30, 2016, the defendant's then five-month-old daughter Alaia was declared dead approximately 30 minutes after her arrival at Elmhurst Hospital after failed resuscitation efforts by the emergency medical technician and emergency room physician. Although Alaia had no obvious external injuries, an autopsy revealed that she had sustained injuries consistent with abusive head trauma and violent shaking. The defendant was arrested and charged with manslaughter in the second degree and endangering the welfare of a child. He was later convicted, upon a jury verdict, of criminally negligent homicide as a lesser included offense of manslaughter in the second degree and endangering the welfare of a child. The defendant appeals.
In fulfilling our responsibility to conduct an independent review of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The People's evidence, including testimony from Alaia's mother and the defendant's statements to the police, established that Alaia woke up crying at 2 a.m. on July 30, 2016, and the defendant tried to console her. After Alaia's mother went to bed, the defendant got Alaia to stop crying and placed her in the crib in the couple's bedroom. At 6:30 a.m., the defendant found Alaia in the crib, cold and unresponsive. The People presented testimony from two experts that Alaia died because the third, fourth, and fifth cervical nerves arising off of her spinal cord near her neck were severed, which resulted in paralysis of her diaphragm, causing her to stop breathing and die minutes later. The experts also testified that the injuries were caused by violent, forceful shaking and could not be explained as normal jostling or bouncing of an infant. Thus, because Alaia lost consciousness [*2]and died after the defendant cared for her, it was reasonable for the jury to conclude beyond a reasonable doubt that the defendant violently and forcefully shook Alaia, causing her death (see People v Hang Bin Li, 154 AD3d 960, 961; People v Edwards, 235 AD2d 348, 349).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court