■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE MONTELBANO, Appellant. [649 NYS2d 406] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered January 4, 1994, convicting defendant, after a jury trial, of reckless endangerment in the first degree and four counts of prohibited use of a weapon, and sentencing him to concurrent prison terms of 1 to 3 years on the reckless endangerment conviction and 1 year on each of the weapon convictions, unanimously affirmed.

Defendant fired four shots from a rifle with a four power scope into a neighbor's bedroom window at 8:30 A.M. on a Tuesday. Although he contends that the evidence was insufficient to establish his guilt of reckless endangerment in the first degree because, *inter alia*, there was no proof that he knew the apartment was occupied at the time, viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it was legally sufficient to establish beyond a reasonable doubt that defendant was guilty of the crime charged (*People v Graham*, 41 AD2d 226, 227; *see, People v Main*, 179 AD2d 953, *lv denied* 81 NY2d 843; *People v Schoonmaker*, 103 AD2d 936). Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Defendant was not denied due process by the nondisclosure of a test performed by the prosecution's ballistics expert in the absence of the defense expert merely because he was surprised by the testimony at trial (*People v Williams*, 176 AD2d 167, *lv denied* 79 NY2d 833). Such testimony did not preclude him from "fully, freely and properly" preparing his defense (*People v Jiminez*, 79 AD2d 442, 445). The nondisclosure of the test results, which results were not documented in a written report, was neither a violation of the discovery rules (CPL 240.20 [1] [c]) nor of the principles expressed in *Brady v Maryland* (373 US 83). Defendant was not prejudiced by the lack of advance notice of the results since his attorney was provided with the opportunity of both cross-examining the prosecution expert to impeach his credibility with the failure to notify the defense that the test had been performed and having his own witness perform the test independently (*see, People v Murray*, 147 AD2d 925, *lv denied* 73 NY2d 1019).

It was not an improvident exercise of discretion to permit the detective to testify concerning a test drive he performed since a variation in the circumstances under which the experiment was performed affected the weight of the evidence, not

its admissibility (*see, Matter of Luis C.*, 222 AD2d 268). Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.