■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. GREENE, Appellant. [694 NYS2d 540] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant contends that Supreme Court erred in permitting a ballistics expert to testify for the People because defendant was not provided with that expert's report until January 12, 1996, five days before the commencement of trial. We disagree. The record establishes that the People furnished the ballistics report to defendant on the same day that the People received it, and thus, "the People did not exhibit bad faith or lack of reasonable diligence in making the report available to the defense" (*People v Williams,* 243 AD2d 833, 836, *lv denied* 91 NY2d 931). Nor does the record support the contention of defendant that he was prejudiced by the delay in receiving the ballistics report (*see, People v Montelbano,* 232 AD2d 255, *lv denied* 89 NY2d 944).

The court properly admitted defendant's jackets into evidence. The attachments to the People's discovery response provided notice that those items had been collected from defendant (*see,* CPL 240.20 [1] [f]).

As conceded by the People, the term of imprisonment imposed for burglary in the first degree (Penal Law § 140.30 [2]) must run concurrently with the term of imprisonment imposed for felony murder (Penal Law § 125.25 [3]). The burglary constituted a material element of the felony murder offense (see, Penal Law § 70.25 [2]; *People v Adams*, 163 AD2d 881, 882-883, *lv denied* 77 NY2d 875). Thus, as a matter of law, we modify that portion of the sentence by providing that those terms of imprisonment run concurrently. Because the shots causing physical injury in the course of the burglary were separate from the shot fired outside causing death, the sentencing court did not err as a matter of law in directing that the term of imprisonment for burglary run consecutively to the term of imprisonment imposed for intentional murder (Penal Law § 125.25 [1]) (see, *People v Nathan*, 224 AD2d 640, 641, *lv denied* 88 NY2d 939). We nevertheless conclude that, in the circumstances of this case, the imposition of consecutive sentences is unduly harsh. Thus, we modify that portion of the sentence as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]) by directing that those terms of imprisonment run concurrently.

The contention in defendant's *pro se* supplemental brief that the court erred in refusing to receive into evidence an answering machine tape of a message from defendant's ex-girlfriend is not preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Wisner, Hurlbutt, Callahan and Balio, JJ.