■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CRAIG, Appellant. [742 NYS2d 196] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered October 23, 1997, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court meaningfully responded to a note from the deliberating jury (*see, People v Almodovar*, 62 NY2d 126, 131; *People v Malloy*, 55 NY2d 296, 301-302, *cert denied* 459 US 847). While the victim was the only witness who actually identified defendant as the person who committed the robbery, this identification was corroborated by extensive circumstantial evidence. Accordingly, the court properly concluded that it could not provide a simple yes or no answer to the jury's inquiry as to whether a conviction was possible without the victim's testimony (*see, People v Steinberg*, 170 AD2d 50, 70-72, *affd* 79 NY2d 673), and it instead instructed the jury, in effect, to consider all the evidence as a whole. The supplementary instruction did not contradict the court's main charge (*compare, People v Greene*, 75 NY2d 875), which, when viewed in its entirety, clearly instructed the jury to consider all the evidence. The court also properly exercised its discretion in declining to reread its identification charge. Instead, the court asked the jury if it wanted such a rereading, and received a negative response.

The court properly responded to the jury's note. No circumstantial evidence charge is required where, as here, the People rely on both direct and circumstantial evidence (*People v Daddona*, 81 NY2d 990, 992). Furthermore, the type of charge suggested by defendant would have been misleading and would have interfered with the jury's evaluation of a case in which the reliability of the direct evidence is enhanced by circumstantial evidence. We also note that this request was untimely, in that it came well after the court had already responded to the jury note at issue, and after the jury had sent another note indicating that it had reached a verdict.

The tape of a 911 call made by the victim and a witness who observed defendant immediately after the robbery, made while the victim was clearly under the stress of the robbery, was properly admitted as an excited utterance of the victim (*see, People v Cotto*, 92 NY2d 68; *People v Powell*, 288 AD2d 5; *People v Walker*, 238 AD2d 246, *lv denied* 90 NY2d 944), notwithstanding the fact that it was part of a conversation (*People v Cotto*, *supra* at 79). The tape was also admissible to establish the de-

scription provided by the witness shortly after the crime (*see, People v Huertas*, 75 NY2d 487, 493; *People v Perkins*, 213 AD2d 358, *lv denied* 86 NY2d 783), to show the victim's state of mind and counter the defense suggestion that she was incoherent or drunk (*see, People v Boyd*, 256 AD2d 350, 351), and to refute claims of recent fabrication (*People v Buie*, 86 NY2d 501, 509-511; *People v McDaniel*, 81 NY2d 10, 18-19).

Defendant's motion to set aside the verdict on the ground that the People violated their obligations under *Brady v Maryland* (373 US 83) was properly denied. The circumstances that the victim had previously made a domestic violence complaint unrelated to this case and that the District Attorney wrote a letter confirming her status as a domestic violence victim, as a result of which she obtained a housing transfer, had no relevance to the issues and did not give rise to a *Brady* obligation. There is no claim that the victim obtained her apartment as a result of a quid pro quo on the part of the prosecution in exchange for her testimony in the instant case (*People v Novoa*, 70 NY2d 490, 497; *People v Sibadan*, 240 AD2d 30, 34, *lv denied* 92 NY2d 861), and the prior unrelated incident was too remote to create such a bias in favor of the prosecution as to constitute exculpatory evidence (*compare, People v Wright*, 86 NY2d 591).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329, *cert denied* 534 US —, 122 S Ct 224). Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.