■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE THOMPSON, JR., Appellant. [939 NYS2d 162]—

Mercure, A.P.J.

We affirm. Initially, we reject defendant's argument that Supreme Court erred in refusing to compel pretrial disclosure of the grand jury testimony of the People's ballistics expert.[1] Pretrial discovery in criminal proceedings is governed by statute (*see People v DaGata*, 86 NY2d 40, 44 [1995]; *Matter of Constantine v Leto*, 157 AD2d 376, 378 [1990], *affd for reasons stated below* 77 NY2d 975 [1991]), and the relevant provision permits discovery of "[a]ny *written report or document*, or portion thereof, concerning a physical or mental examination, or scientific test or experiment" made by an expert at the People's request (CPL 240.20 [1] [c] [emphasis added]). Inasmuch as the expert's *oral* testimony therefore lies outside of the statute's scope, Supreme Court properly refused to order disclosure pursuant to CPL 240.20 (*see People v Montelbano*, 232 AD2d 255, 255 [1996], *lv denied* 89 NY2d 944 [1997]).

Turning to defendant's various claims regarding jury selection, he waived any argument regarding his unsuccessful challenge for cause to one juror by thereafter declining to use an available peremptory challenge to remove that juror (*see* CPL 270.20 [2]; *People v Jackson*, 59 AD3d 736, 736 [2009], *lv denied* 12 NY3d 916 [2009]). In contrast, his arguments regarding a prospective juror who lived in the same town as the District Attorney are properly before us. Nevertheless, the juror's "nodding acquaintance" with the District Attorney amounted to occasional encounters at social events that were not likely to preclude the prospective juror from reaching an impartial verdict (*People v Provenzano*, 50 NY2d 420, 425 [1980]; *see* CPL 270.20 [1] [c]; *People v Duffy*, 124 AD2d 258, 260 [1986], *lv denied* 69 NY2d 710 [1986]). As such, Supreme Court properly accepted the prospective juror's assurance that he could be impartial in denying defendant's challenge for cause (*see People v Molano*, 70 AD3d 1172, 1174 [2010], *lv denied* 15 NY3d 776 [2010]; *cf. People v Furey*, 18 NY3d 284, 287-288 [2011]).

Defendant further asserts that the weight of the evidence does not support the jury's finding that he intended to cause the victim serious physical injury (*see* Penal Law § 125.20 [1]).[2] At trial, the victim's daughter contradicted defendant's account

---

1. We note that the expert testified at trial and, as such, his grand jury testimony was later disclosed pursuant to CPL 240.45 (1) (a).

2. Although defendant's challenge is not properly preserved insofar as he attacks the legal sufficiency of the evidence, our weight of the evidence "review necessarily involves an evaluation of whether all elements of the charged

of an accidental shooting. Rather, she testified that the victim and defendant had been arguing on the night in question. After hearing screams and a gunshot, the daughter investigated and found defendant aiming the pistol at the victim, who was pleading with him to "stop." As the daughter ran out of the house while calling 911, she heard a second gunshot. Defendant's account was further undermined by evidence indicating that the victim's gunshot wounds were inconsistent with a rapid and accidental discharge of the pistol. Moreover, bruising on the victim's left temple was noted during the autopsy, and the pathologist opined that the bruising was most likely caused by the victim being struck by the butt of the pistol. According due deference to the jury's determination to credit the version of events that was advanced by the victim's daughter and supported by forensic evidence, we cannot say that the verdict was against the weight of the evidence (*see People v Baker*, 27 AD3d 1006, 1009 [2006], *lv denied* 7 NY3d 785 [2006]; *see also People v Owens*, 251 AD2d 898, 899-900 [1998], *lv denied* 92 NY2d 951 [1998]).

We turn next to defendant's claim that Supreme Court failed to properly investigate a juror's disclosure that she saw a domestic violence poster containing the victim's name and date of death while taking a walk. Supreme Court thoroughly questioned the juror and, in our view, the record fully supports the court's determination that she was not "grossly unqualified to serve" (CPL 270.35 [1]; *see People v Buford*, 69 NY2d 290, 298-300 [1987]; *People v Pinckney*, 220 AD2d 539, 539-540 [1995], *lv denied* 87 NY2d 906 [1995]). Moreover, defendant participated in this inquiry and did not object to its outcome and, as such, will not be heard to complain that additional investigation was required (*see People v Cecunjanin*, 67 AD3d 1072, 1077 [2009], *mod on other grounds* 16 NY3d 488 [2011]; *People v Pinckney*, 220 AD2d at 540).

Finally, defendant challenges Supreme Court's refusal to repeat its charge to the jury on the issue of reasonable doubt, which was interrupted when a juror's cell phone went off. The court started the instruction anew after the interruption, and stressed to the jury that the charge would be repeated at the jury's request. The jury did not request that the instruction be repeated and, under the circumstances presented, Supreme Court was under no obligation to do so (*see People v Craig*, 293 AD2d 351, 351 [2002], *lv denied* 98 NY2d 674 [2002]; *People v King*, 277 AD2d 708, 710 [2000], *lv denied* 96 NY2d 802 [2001]).

---

crime were proven beyond a reasonable doubt at trial" (*People v Nisselbeck*, 85 AD3d 1206, 1207 n 1 [2011]; *see People v Danielson*, 9 NY3d 342, 349 [2007]).

Defendant's challenges to the testimony of the People's forensic pathologist and the composition of the jury panel are not properly before us. We have examined defendant's remaining contentions and conclude that they are without merit.

Rose, Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed. **[Prior Case History: 25 Misc 3d 1241(A), 2009 NY Slip Op 52542(U).]**