■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CESPEDES, Appellant. [994 NYS2d 347]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered February 21, 2012, convicting defendant, after a jury trial, of assault in the second degree, unlawful imprisonment in the first degree, reckless endangerment in the second degree and obstructing governmental administration in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The court meaningfully responded to a note from the deliberating jury (*see People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]). The jury asked what portion of the incident related to the assault charge, and it suggested alternative temporal limitations. Although the actual injury to an officer occurred during a particular portion of the incident, the entire sequence of events had a bearing on whether the ele-

ments of second-degree assault under Penal Law § 120.05 (3) had been established. Therefore, the court properly exercised its discretion when it responded by instructing the jury, as it had already done in its main charge, to consider all of the evidence (*see People v Craig*, 293 AD2d 351 [1st Dept 2002], *lv denied* 98 NY2d 674 [2002]). Defendant has not demonstrated that this response could have caused any prejudice (*see People v Agosto*, 73 NY2d 963, 966 [1989]).

The court properly refused to submit the lesser included offense second-degree unlawful imprisonment (*see People v Negron*, 91 NY2d 788 [1998]). There was no reasonable view of the evidence, viewed most favorably to defendant, that he restrained the victim by refusing to let her out of his vehicle but did not expose her to a risk of serious physical injury. First-degree unlawful imprisonment only requires that the circumstances expose the restrained person to a "risk," of unspecified degree, of serious physical injury. Defendant's grossly reckless driving during a lengthy high-speed chase on busy Manhattan streets clearly established such a risk, even if he was driving a relatively safe type of vehicle, and there was no reasonable view of the evidence to the contrary. Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.