Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 12, 2014, convicting him of robbery in the first degree, robbery in the second degree, kidnapping in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence. Ordered that the judgment is affirmed. In February 2013, the defendant rented a storage unit at a storage facility in Queens. In the course of renting the unit, Errol Ward, the facility’s customer service representative, filled out paperwork and made a photocopy of the defendant’s driver license. Ward also provided the defendant with a unique numeric code to use in order to access the facility’s parking lot. The following week, Ward saw that this code was being used by a car entering the facility’s parking lot. A few minutes later, the defendant entered the office with another man and inquired about renting an additional storage unit. Ward asked a maintenance worker to bring the defendant to see an available storage unit, approximately five feet by four feet in size. Arriving at this storage unit, the defendant, together with the other man, grabbed the maintenance worker and used duct tape to cover his mouth and eyes and bind together his hands. They then pushed the maintenance worker into the storage unit and took his money and a walkie-talkie before locking him inside. After a moment, they opened the unit, took the man’s cell phone, and again locked him inside the unlit and unheated storage unit. The defendant stopped at the office on his way out and told Ward he was not interested in renting the storage unit. Ward began looking for his coworker and located him about 15 minutes later. Ward identified the defendant at trial. In addition, he testified that the access code used to enter the facility parking lot on the day of the incident pertained solely to the defendant. The jury also saw surveillance videos taken inside the storage facility office on the two dates. The detective who investigated the robbery testified that the defendant told him he had been at the storage facility on the day of the incident. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of robbery in the first degree beyond a reasonable doubt. The legal sufficiency of evidence is established if, “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt” (id. at 621 [emphasis omitted]; see People v Sheehan, 105 AD3d 873, 874 [2013]; People v Mableton, 17 AD3d 383 [2005]). A person is guilty of robbery in the first degree when he or she forcibly steals property and in the course thereof, uses or threatens the immediate use of a dangerous instrument (see Penal Law § 160.15 [3]; People v Carter, 53 NY2d 113, 116 [1981]). Here, contrary to the defendant’s contention, the duct tape used by the defendant constituted a dangerous instrument. “[A]ny instrument, article or substance, no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury. The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute” (People v Carter, 53 NY2d at 116 [internal quotation marks, citation, and emphasis omitted]; see Penal Law § 10.00 [13]). Objects used to cover or block a victim’s mouth have been held to be dangerous instruments (see People v Vasquez, 88 NY2d 561, 580 [1996]; People v Cwikla, 46 NY2d 434, 435 [1979]). Under the circumstances of this case, the jury could rationally find that the duct tape was a dangerous instrument (see People v Cwikla, 46 NY2d 434 [1979]). Moreover, inconsistencies in the testimony regarding the defendant’s appearance and that of the person on the surveillance video were a matter of credibility for the jury to resolve (see People v Vecchio, 31 AD3d 674 [2006]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of robbery in the first degree and robbery in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant’s contention, the convictions of kidnapping in the second degree and unlawful imprisonment in the first degree did not merge with the robbery convictions. The defendant’s act of locking the complainant inside the storage unit was a crime in itself committed after the robbery had been completed that did not merge therewith (see People v Hanley, 20 NY3d 601, 606 [2013]; People v Gonzalez, 80 NY2d 146, 153 [1992]; People v Kruppenbacher, 81 AD3d 1169, 1170-1171 [2011]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of kidnapping in the second degree beyond a reasonable doubt. Contrary to the defendant’s contention, there was legally sufficient evidence to conclude that the complainant was restrained in a location where he was unlikely to be found. Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt of this crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Ehinger, 152 AD2d 97, 100 [1989]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of unlawful imprisonment in the first degree beyond a reasonable doubt. Contrary to the defendant’s contention, there was legally sufficient evidence to conclude that the defendant placed the complainant at risk of serious physical injury. Actual serious physical injury need not occur. Rather, what is required is that the circumstances expose the restrained person to a risk, of unspecified degree, of serious physical injury (see People v Irby, 140 AD3d 1319, 1321-1322 [2016]; People v Cespedes, 122 AD3d 417, 418 [2014]). Moreover, upon reviewing the record here, the verdict of guilt of this crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; Penal Law § 135.10). Rivera, J.P., Chambers and Maltese, JJ., concur.